COURT OF APPEALS OF VIRGINIA

Present:  Judges Benton, Coleman and Fitzpatrick
Argued at Alexandria, Virginia

DENNIS WADE HAYNES

MEMORANDUM OPINION[*] BY
v.  Record No. 0615-94-4            JUDGE JAMES W. BENTON, JR.
                                            JUNE 6, 1995
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF PAGE COUNTY
                    Perry W. Sarver, Judge

        Kermit L. Racey, II (Racey & Racey, on brief),
        for appellant.

        H. Elizabeth Shaffer, Assistant Attorney General
        (James S. Gilmore, III, Attorney General, on
        brief), for appellee.


        Dennis Wade Haynes was indicted for two offenses of burglary

and one offense of attempted burglary.  He was tried for those

three felonies and two misdemeanor charges at one trial.  At the

conclusion of the Commonwealth's evidence, the trial judge

granted the Commonwealth's motion to amend the attempted burglary

indictment to charge burglary with the intent to commit larceny

in violation of Code § 18.2-89.  On this appeal, Haynes raises

the following issues:

        1.  Whether the trial judge erred in allowing
        the Commonwealth to amend the attempted
        burglary indictment pursuant to Code
          § 19.2-231 to charge burglary;

        2.  Whether the amendment violated Haynes'
        constitutional right against double jeopardy;

        3.  Whether the trial judge erred in
        admitting in evidence statements of a co-
        conspirator made to a police officer after

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

the termination of the criminal enterprise and outside of Haynes' presence;

4. Whether Haynes received ineffective assistance of counsel from his court-appointed counsel; and

5. Whether the evidence was sufficient to prove Haynes' guilt beyond a reasonable doubt.

For the reasons that follow, we dismiss the appeal in part and we affirm the convictions.

I.

The record establishes that Haynes's trial counsel failed to object at trial to several issues that are now raised on appeal. Although Haynes seeks to raise at this time issues concerning the amended indictment, when the Commonwealth moved at trial to amend the indictment from an attempted burglary to burglary, Haynes's trial counsel did not object that such an amendment would be unlawful. Counsel also made no objection that such an amendment would violate the prohibition against double jeopardy. In fact, counsel said of the amendment, "I don't know of any reason for saying it cannot be done at this point."

The record also reflects that Haynes's trial counsel voiced no objection to Investigator Jenkins's testimony concerning the statements related to Jenkins by the other participant in the burglaries. We find no indication that this issue was raised in any fashion at trial.

Rule 5A:18 bars our consideration of these issues on appeal. This Court has repeatedly held that the Court of Appeals will

not consider an issue on appeal which was not presented in the trial court.  See Jacques v. Commonwealth, 12 Va. App. 591, 593, 405 S.E.2d 630, 631 (1991).  Moreover, the record does not reflect any reason to invoke the good cause or ends of justice exceptions to Rule 5A:18.

## II.

Haynes contends that his trial counsel was ineffective in failing to preserve these issues for appeal.  Claims of ineffective assistance of counsel, however, may no longer be raised on direct appeal.  Code § 19.2-317.1, which allowed, under certain circumstances, direct appeal of claims concerning the ineffectiveness of trial counsel, was repealed in 1990.  1990 Va. Acts, c. 74.  See also Walker v. Mitchell, 224 Va. 568, 570-71, 299 S.E.2d 698, 699-700 (1983).  Accordingly, we dismiss the appeal of this issue.  Id. at 571, 299 S.E.2d at 700.

## III.

Haynes's counsel did move to strike the evidence.  Our review of Haynes's challenge to the sufficiency of the evidence is guided by a well established principle.  "On appeal, we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom."  Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).

Brian Woodward, the other participant in the burglaries, testified that he and Haynes both needed money.  They decided

that breaking into houses "seemed to be the only way" to obtain money. Woodward testified that when he and Haynes arrived at the first house, Haynes decided that the phone line should be cut so that no one could call the police. After they cut wires, they opened the back storm door, walked into the house, and took a purse from the living room. At the second house, Woodward cut the screen on the door and Haynes picked the lock of an interior door. They took a purse from the dining room of the house. At a third house, they opened an unlocked basement door and entered. When they were unable to open a door that led to the main part of the house, they left.

Jason Judd testified that on the day following the burglaries, he heard Haynes and Woodward discussing their participation in the burglaries. Judd testified that he became angry at Woodward and criticized Woodward for participating in the burglaries.

The trial judge, as fact finder, explicitly found the testimony of Woodward and Judd to be reliable. The trial judge rejected Haynes's alibi defense and found that the testimony of the alibi witness was not worthy of belief. "The weight which should be given to evidence and whether the testimony of a witness is credible are questions which the fact finder must decide." Bridgeman v. Commonwealth, 3 Va. App. 523, 528, 351 S.E.2d 598, 601 (1986). The testimony of Woodward and Judd was competent, was not inherently incredible, and was sufficient to

prove beyond a reasonable doubt that Haynes committed the charged offenses.

For these reasons, the appeal is dismissed in part and the judgment is affirmed.

<u>Dismissed, in part, and affirmed</u>.