COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Fitzpatrick,[*] Judge Elder and
          Senior Judge Duff
Argued at Alexandria, Virginia


JOSHUA MARK TESTA
                                        MEMORANDUM OPINION[**]
v.   Record No. 1496-96-4            BY JUDGE CHARLES H. DUFF
                                          DECEMBER 9, 1997
COMMONWEALTH OF VIRGINIA


                  FROM THE CIRCUIT COURT OF LOUDOUN COUNTY
                         Thomas D. Horne, Judge

          Buta Biberaj (Jonathan G. Martinis; Biberaj &
          Associates, on brief), for appellant.

          Daniel J. Munroe, Assistant Attorney General
          (Richard Cullen, Attorney General; Monica S.
          McElyea, Assistant Attorney General, on
          brief), for appellee.


     Following a jury trial, appellant, Joshua Mark Testa, was

convicted of conspiracy to escape from a secure juvenile

detention facility, escape by force from a secure juvenile

detention facility, conspiracy to commit robbery, and petit

larceny.  On appeal, appellant contends that the Commonwealth

failed to identify him as the person arrested and charged with

the crimes for which he was tried.  Appellant also asserts that

the Commonwealth's evidence regarding the charges of escape from

a juvenile facility and conspiracy to escape from a juvenile

_____

     [*]On November 19, 1997, Judge Fitzpatrick succeeded Judge
Moon as chief judge.

     [**]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

facility was insufficient because it failed to establish that he was a resident of a juvenile facility pursuant to an order of the juvenile and domestic relations district court.  For the reasons that follow, we affirm.

## Background

"On appeal, we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom."  Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).  So viewed, the evidence proved that, on January 28, 1995, appellant, Bradley Gibson, and David Smith were locked inside a Loudoun County Juvenile Interim Holding Facility ("JIHF Hut").  Deputy Norman Miller was on duty at the time and possessed keys for the facility's doors.  Around 1:00 a.m., Gibson attacked Miller, immobilizing him.  Smith removed the facility's keys from Miller's pocket, appellant unlocked the door, and the three detainees fled the JIHF Hut.

## The Identification

The facts in this case, as they relate to the identification of a defendant at trial, are strikingly similar to the facts of Sheffey v. Commonwealth, 213 Va. 602, 194 S.E.2d 897 (1973).  In Sheffey, the Supreme Court found sufficient evidence identifying Sheffey as the person arrested and tried, despite the police officer's failure to point out Sheffey at trial and make an in-court identification.  See id. at 603, 194 S.E.2d at 898.  The

2

Supreme Court held that the Commonwealth had adequately identified the defendant because the trial judge had pointed him out to the jury at the beginning of the trial.  See id. Additionally, "[a]t no time during the presentation of evidence was any question raised" by Sheffey that the individual arrested and charged was not in fact the same person in the courtroom being tried.  Id.

At the beginning of appellant's trial, the trial judge made the following statement to the jurors:

> Ladies and gentleman of the venire, the case
> that you have been called on to hear today is
> a criminal case in which Joshua Mark Testa,
> who is the young man seated at counsel table
> to my left and is now standing before you, is
> charged that he did on or about the 28th day
> of January in the year 1995, [commit five
> crimes] . . . .

During appellant's trial, Deputy Sheriff DiBenedetto testified that in late January 1995, he worked at the JIHF Hut. The Commonwealth's attorney asked if "the Defendant, Josh Testa" was assigned to the JIHF Hut, and DiBenedetto responded, "That is correct."  Throughout the three-day trial, witnesses referred to "Mr. Testa," and to "Josh."  Like the defendant in Sheffey, at no time during the presentation of the evidence did appellant raise any question that the individual charged with the crimes was not the person sitting at counsel table.

Because the trial judge identified appellant to the jury as the person on trial, and because DiBenedetto acknowledged that the defendant and "Testa" were one in the same, we find that, as

3

in <u>Sheffey</u>, the Commonwealth sufficiently identified appellant at trial as the person charged with the crimes.  <u>See</u> <u>id.</u> (noting that arresting officer referred to Sheffey as defendant and by name).  Accordingly, the trial judge did not err in refusing to strike the evidence.

In his brief, appellant challenges for the first time the constitutionality of the Supreme Court's decision in <u>Sheffey</u>. The Court of Appeals will not consider an argument on appeal which was not presented to the trial court.  <u>See</u> <u>Jacques v. Commonwealth</u>, 12 Va. App. 591, 593, 405 S.E.2d 630, 631 (1991) (citing Rule 5A:18).  Because this argument was not presented to the trial court, Rule 5A:18 bars our consideration of this question on appeal.  Moreover, the record does not reflect any reason to invoke the good cause or ends of justice exceptions to Rule 5A:18.

### Pursuant to a Court Order

Appellant contends that the Commonwealth failed to prove beyond a reasonable doubt that he was residing at the JIHF Hut pursuant to a court order, consequently, the Commonwealth failed to prove all the elements of the charges against him.

> It shall be unlawful for any person to escape . . . from a facility operated by the Department of Youth and Family Services or from a secure juvenile detention facility in which he had been placed by the juvenile and domestic relations court or as a result of his commitment as a juvenile to the Department of Youth and Family Services.

Code § 18.2-477.1(B).

4

"The juvenile and domestic relations district court judges share" supervisory powers "over the intake officers with the Department of Youth and Family Services." Roach v. Commonwealth, 251 Va. 324, 338, 468 S.E.2d 98, 106 (1996). The version of Code § 16.1-255 in effect at the time of appellant's detention provided, in pertinent part, that "[n]o detention order shall be issued for any child except when authorized by the judge or 'intake officer' of a juvenile court." See also Tross v. Commonwealth, 21 Va. App. 362, 379, 464 S.E.2d 523, 531 (1995) (noting that juvenile intake officers share with juvenile and domestic relations district court judges the power to issue detention orders).

Viewed in the light most favorable to the Commonwealth, see Martin, 4 Va. App. at 443, 358 S.E.2d at 418, the evidence proved that appellant was in the JIHF Hit awaiting a forthcoming "detention review hearing." In a post-arrest statement, appellant told Lieutenant Buckman, "I was going to wait for my detention review hearing if I ever wanted to get out of here." If appellant had an upcoming detention review hearing, then a fortiori, he was being detained pursuant to an order of detention.

Captain Ronald Gibson, chief correctional officer for the sheriff's office of Loudoun County, testified that he "frequented" the JIHF Hut "[m]aybe once every week or so depending on how often it was open." The following exchange took

5

place at trial:

> PROSECUTOR: Captain, you said that you would go over maybe once a month depending on how often it was opened. What triggered it being open?
>
> GIBSON: When there was -- a juvenile was ordered to a secured -- to a detention center and there was no bed space available and they would then be housed there waiting bed space in the Juvenile Detention Center.
>
> PROSECUTOR: And when you say ordered, ordered by whom?
>
> GIBSON: The Juvenile Domestic Relations Court Judge Clements, or whoever it was presiding that day.

Thus, according to Gibson, the only persons detained in the JIHF Hut were juveniles ordered there by the juvenile and domestic relations district court judge.

Considering the evidence as a whole and according the fact finder all of the inferences fairly deducible therefrom, we hold that the Commonwealth's evidence was competent, was not inherently incredible, and was sufficient to prove beyond a reasonable doubt that appellant escaped from "a facility operated by the Department of Youth and Family Services or from a secure juvenile detention facility in which he had been placed by the juvenile and domestic relations court or as a result of his commitment as a juvenile to the Department of Youth and Family Services." Code § 18.2-477.1.

Accordingly, we affirm the convictions.

Affirmed.