**Alexandria**

NATHANIEL V. JACQUES, JR.

v.

COMMONWEALTH OF VIRGINIA

No. 0261-90-4

Decided June 4, 1991

Counsel

Paul A. Maslakowski (Moorcones & Associates, on brief), for appellant.

Michael T. Judge, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

Opinion

WILLIS, J.—On appeal from convictions of possession of marijuana and possession of cocaine, the appellant, Nathaniel V. Jacques, Jr., contends that the trial court erred in denying his motion to suppress as evidence cocaine and marijuana which were found in his automobile. He argues that the seizure of those substances derived from a search which violated his rights under the Fourth Amendment of the United States Constiution and under Article 1, Section 10, of the Constitution of Virginia. We find no error and affirm the judgment of the trial court.

On July 22, 1989, Troopers Kunz, Knowlton and Huffman were on patrol in Loudoun County. They received a message from the Loudoun County Sheriff's Department dispatcher to be on the lookout for a white Monte Carlo containing two black males in reference to a possible drug transaction and abduction in Loudoun County. Shortly thereafter, Trooper Kunz observed a white Monte Carlo, apparently occupied by two black males, traveling eastbound on Route 7. He radioed Trooper Huffman, who followed the vehicle for approximately one mile, calling Trooper Knowlton to act as his backup. The Monte Carlo approached an intersection that had a designated right turn lane. It did not use this lane, but made a right turn from the lane designated for traffic turning left or proceeding straight through the intersection. Immediately thereafter, Trooper Huffman stopped the car.

When Trooper Huffman approached the car, he found it to be operated by the appellant. The passenger was not a man, but a black woman who showed no sign of distress. Trooper Huffman asked to see the appellant's operator's license. Without asking or being told why he had been stopped, the appellant got out of the car, unbuttoned his shirt, pulled it free from his trousers, and told Trooper Huffman that he could search both him and the vehicle.

Trooper Huffman then advised the appellant of his *Miranda* rights and proceeded to conduct a pat down of his person.

Because of the nature of the police broadcast, Trooper Huffman called for a narcotics dog. The dog and his handler arrived approximately fifteen to twenty minutes later. The dog alerted on the driver's seat of the automobile and the floorboard of the passenger side. In a fold of the driver's seat, Trooper Huffman found the subject marijuana, and in a tissue box on the passenger side floorboard, he found the subject cocaine. After being advised again of his *Miranda* rights, the appellant acknowledged that he understood those rights and would talk with the trooper. He admitted that the drugs in the car were his.

On brief, the appellant argues that Code § 19.2-83 proscribed the search of his car. This issue was not presented to the trial court. The appellant's motion to suppress was based on constitutional grounds. We will not consider this issue for the first time on appeal. Rule 5A:18.

> For [constitutional] purposes, when police stop an automobile and detain its occupant, this constitutes a "seizure" of the person, even though the purpose of the stop is limited and the detention brief. As relevant to these facts, a suspect may be detained briefly for questioning by an officer who has "a reasonable suspicion, based on objective facts, that the individual is involved in criminal activity." The test is less stringent than probable cause.

> In order to determine what cause is sufficient to authorize police to stop a person, cognizance must be taken of the "totality of the circumstances — the whole picture." Assessing that whole picture, "the detaining officers must have a particularized and objective basis for suspecting the particular person stopped of criminal activity."

*Leeth v. Commonwealth*, 223 Va. 335, 340, 288 S.E.2d 475, 478 (1982) (citations omitted).

Trooper Huffman received information over an official police broadcast that a vehicle fitting the description of the one that he stopped was wanted in connection with two serious crimes, one involving possible danger to a person. He had a description of the

vehicle and of its occupants. The car being driven by the appellant appeared to fit that description. These facts supported a reasonable suspicion on the trooper's part that the vehicle which he saw was the one being sought, and justified, indeed required, that the trooper stop the vehicle for investigation.

Upon approaching the car, Trooper Huffman could see that the passenger was a woman, not a man. This observation contradicted part of the description which he had been given. Nonetheless, he proceeded with the minimal investigatory act of ascertaining the appellant's identity and requesting to see his operator's license. This was proper under all the circumstances, including the improper turn which the trooper had just observed. Without direction, or even request, by the trooper, the appellant thereupon got out of the car, opened his clothing and invited the trooper to search both him and the car. This consent was freely and voluntarily given. *See Lowe v. Commonwealth*, 218 Va. 670, 678, 239 S.E.2d 112, 117 (1977), *cert. denied*, 435 U.S. 930 (1978). That consent made the resulting search lawful. *See Limonja v. Commonwealth*, 8 Va. App. 532, 540, 383 S.E.2d 476, 481 (1989), *cert. denied*, 495 U.S. 905 (1990). That consent was never withdrawn.

Trooper Huffman detained appellant and his automobile only long enough to secure the use of the narcotics dog. There was no unnecessary delay. The delay did not extend beyond that authorized by *Terry v. Ohio*, 391 U.S. 1 (1968). *See United States v. Alpert*, 816 F.2d 958, 964 (4th Cir. 1987); *United States v. Large*, 729 F.2d 636, 639 (8th Cir. 1984); *United States v. Campbell*, 627 F. Supp. 320, 325-26 (D. Alaska 1985), *aff'd*, 810 F.2d 206 (9th Cir. 1987); *United States v. Borys*, 766 F.2d 304, 313 (7th Cir. 1985), *cert. denied*, 474 U.S. 1082 (1986).

For the foregoing reasons, the judgment of the trial court is affirmed.

*Affirmed.*

Duff, J., and Moon, J., concurred.