COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Bray and Fitzpatrick
Argued at Alexandria, Virginia

RAFAEL J. TAL

v.          Record No. 2166-93-4          MEMORANDUM OPINION* BY
                                          JUDGE RICHARD S. BRAY
COMMONWEALTH OF VIRGINIA                        MAY 2, 1995

                 FROM THE CIRCUIT COURT OF STAFFORD COUNTY
                       James W. Haley, Jr., Judge

          Robert B. Goodall (Easterling & Goodall, on brief), for
          appellant.

          Marla Lynn Graff, Assistant Attorney General (James S.
          Gilmore, III, Attorney General, on brief), for appellee.


          Rafael J. Tal (defendant) was convicted of speeding.  On

appeal, defendant complains that the trial court erroneously ruled

that the Commonwealth had established the accuracy of the radar

device used to determine the speed of his vehicle.  We disagree and

affirm the conviction.

          The parties are fully conversant with the record in this case,

and we recite only those facts necessary to explain our holding.

          On the date of the offense, May 30, 1993, Officer L.G. Wilson,

Jr. tested the accuracy of the radar device in issue using three

different methods, including (1) the unit's "internal mode" or

self-test mechanism, (2) two tuning forks, and (3) the speedometer

of the patrol car.  Each method verified that the radar was

functioning correctly both before and after defendant was charged

with the instant offense.

          As evidence that the testing procedures were reliable, the

_____

          *Pursuant to Code § 17-116.010 this opinion is not designated
for publication.

Commonwealth, in accordance with Code § 46.2-882, introduced "Certificate[s] of Accuracy" of the tuning forks[1] and a calibration certificate of the speedometer.[2]  However, because the tuning fork certificates were dated approximately six weeks <u>after</u> defendant's trial in general district court, he argues that the Commonwealth failed to prove their reliability pursuant to statute.  <u>See</u> Code § 46.2-882.

> Code § 46.2-882 states in pertinent part that [i]n any court or legal proceeding in which any question arises about the calibration or accuracy of any . . . radar . . . device . . . used to determine the speed of any motor vehicle, a certificate, or a true copy thereof, showing the calibration or accuracy of the speedometer of any vehicle <u>or</u> of any tuning fork employed in calibrating or testing the device, and when and by whom the calibration was made, shall be admissible as evidence of the facts therein stated.  No calibration or testing of such device shall be valid for longer than six months.

<u>Id.</u> (emphasis added).

"By using the alternative conjunction 'or' the legislature clearly intended to provide alternate methods of proving the accuracy of the radar device."  <u>Gray v. Commonwealth</u>, 18 Va. App. 663, 666, 446 S.E.2d 480, 482 (1994).  "It stands to reason that if tuning fork tests alone are sufficient to convict, the speedometer test is equally efficacious. . . . [T]he requirement of duplicate

---

[1]Defendant argues for the first time that the "Certificate[s] of Accuracy" failed to satisfy the requirements of Code § 46.2-882.  It is well established that this Court will not consider on appeal an argument which was not presented to the trial court.  <u>Jacques v. Commonwealth</u>, 12 Va. App. 591, 593, 405 S.E.2d 630, 631 (1991); <u>see</u> Rule 5A:18.  Accordingly, we decline to address this issue.

[2]The speedometer certificate, dated May 19, 1993, was introduced without objection.

testing merely suggests that when proof is required in court, the Commonwealth will be able to elect between methods of proof according to the evidence available."  Id.  Thus, "proof by a single method will suffice."  Id.

Accordingly, assuming, without deciding, that the certificates relating to the tuning forks were untimely,[3] we find that the accuracy of the radar unit was sufficiently shown through the speedometer testing procedure and affirm the conviction.

Affirmed.

---

[3]We decline to address the trial court's conclusion that the "six months" contemplated by Code § 46.2-882 included a period both before and after the offense date.  See Clark v. Commonwealth, 3 Va. App. 474, 481, 351 S.E.2d 42, 45 (1986).

– 3 –