COURT OF APPEALS OF VIRGINIA

Present:  Judges Willis, Bray and Retired Judge Trabue[*]
Argued at Norfolk, Virginia


ELVIS QUINN WASHINGTON

v.          Record No. 0589-94-1          MEMORANDUM OPINION[**] BY
                                          JUDGE JERE M. H. WILLIS, JR.
COMMONWEALTH OF VIRGINIA                        MAY 23, 1995

                FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
                       William F. Rutherford, Judge

                Richard A. Monteith (Monteith & Harding, on
                brief), for appellant.

                Monica S. McElyea, Assistant Attorney General
                (James S. Gilmore, III, Attorney General, on
                brief), for appellee.


        Elvis Quinn Washington contends (1) that the trial court

abused its discretion by allowing the Commonwealth to forecast

the testimony of its expert witness, Dr. de Triquet, during its

opening statement, and (2) that he was denied his right to a

public trial when the courtroom was closed during the victim's

testimony.  We find no error and affirm the judgment of the trial

court.

        Between March 16 and May 22, 1992, Washington raped his

thirteen year old daughter nine times.  The victim reported this

to a teacher who alerted the police.  During a pretrial

conference, the trial court presented a letter from Kathryne B.

---

[*]Retired Judge Kenneth E. Trabue took part in consideration
of this case by designation pursuant to Code § 17-116.01.

[**]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Hubbard, the victim's therapist at Ghent Psychological Practices, recommending that the victim not be required to testify in open court because "[h]er mental health is at risk." Washington objected on Sixth Amendment grounds that closure of the trial during the victim's testimony would deny his right to a public trial. The trial court granted the Commonwealth's motion to close the courtroom during the victim's testimony.

By motion in limine, Washington objected to the testimony of Dr. de Triquet, who was to testify that the victim's "female anatomy was non-virginal" when he examined her sixty days after the last rape. The court overruled the objection and found the testimony relevant and admissible.

Washington first contends that the court abused its discretion by allowing the Commonwealth to forecast the testimony of Dr. de Triquet in its opening statement.

We will not consider on appeal an argument that was not presented to the trial court. Jacques v. Commonwealth, 12 Va. App. 591, 593, 405 S.E.2d 630, 631 (1991) (citing Rule 5A:18). Washington made no objection to that part of the Commonwealth's opening statement, nor did he object at any time. Accordingly, Rule 5A:18 bars our consideration of this issue.

Washington next contends that he was denied his right to a public trial granted under Article I, § 8, of the Virginia Constitution and the Sixth Amendment of the United States Constitution when the courtroom was ordered closed during the

victim's testimony.  We disagree.

Although the record discloses that the trial court ordered the courtroom doors locked while the victim testified, the record does not disclose who remained in the courtroom during this period.  Thus, the record does not disclose that Washington was denied a public trial.

Furthermore, the trial court did not err in closing the courtroom during the victim's testimony.  Given the nature of the offense, the victim's age, and the fact her therapist declared "[h]er mental health to be at risk," the trial court determined there was an "overriding interest" justifying the closure of the courtroom.  Waller v. Georgia, 467 U.S. 39, 48, 104 S. Ct. 2210, 2216 (1984).  We perceive no abuse of discretion in that ruling.

The judgment of the trial court is affirmed.

Affirmed.