COURT OF APPEALS OF VIRGINIA

Present:  Judges Coleman, Willis and Bray
Argued at Norfolk, Virginia

OSBURNE WYNN, JR., s/k/a
 OSBORNE WYNN, JR.

v.          Record No. 0914-94-1     MEMORANDUM OPINION[*] BY
                                     JUDGE RICHARD S. BRAY
COMMONWEALTH OF VIRGINIA                  JULY 25, 1995

          FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
                  Russell I. Townsend, Jr., Judge

          James B. Melton for appellant.

          Eugene Murphy, Assistant Attorney General
          (James S. Gilmore, III, Attorney General, on
          brief), for appellee.


     Osburne Wynn, Jr. (defendant) was convicted by jury of

distribution of an imitation controlled substance in violation of

Code § 18.2-248.  Defendant complains on appeal that the

Commonwealth's evidence was insufficient to prove that the

offending substance was "subject to abuse," "sold for

substantially more than its reasonable over-the-counter price,"

and "imitate[d] a controlled substance."  However, these issues

were not properly presented to the trial court and will not be

considered on appeal.  We, therefore, affirm the conviction.

     The parties are fully conversant with the record in this

case, and we recite only those facts necessary to explain our

holding.

     It is well established that, "[o]n appeal, a ruling of a

trial court cannot be a basis for reversal unless an objection is

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

stated 'together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice.'" Campbell v. Commonwealth, 12 Va. App. 476, 480, 405 S.E.2d 1, 2 (1991) (en banc) (quoting Rule 5A:18). Arguments not presented to the trial court will not be entertained on appeal. Jacques v. Commonwealth, 12 Va. App. 591, 593, 405 S.E.2d 630, 631 (1991). "'A mere statement that the judgment . . . is contrary to the law and the evidence is not sufficient to constitute a question to be ruled upon on appeal.'" Hogan v. Commonwealth, 5 Va. App. 36, 45, 360 S.E.2d 371, 376 (1987) (citation omitted).

At the conclusion of the Commonwealth's case, defendant moved the court to strike its evidence, arguing only that defendant had not been sufficiently identified as the offender. After the jury returned its verdict, defendant moved "to dismiss" because the "finding" was "contrary to the evidence" and the sentence excessive. Neither motion embraced those issues raised by defendant on appeal.[1] Therefore, finding no justification for the "ends of justice" exception to Rule 5A:18, we are precluded from now considering defendant's arguments. See Mounce v. Commonwealth, 4 Va. App. 433, 435-36, 357 S.E.2d 742, 744 (1987).

Affirmed.

---

[1]Although the record reflects mention by the Commonwealth to the trial court of former Code § 18.2-247(B) and related remarks by defendant's counsel, that statute was inapplicable to these proceedings, and the exchange occurred after sentencing, during the trial court's consideration of an appeal bond.