COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Moon, Judge Bray and Senior Judge Duff
Argued at Alexandria, Virginia


DAVID EUGENE PETRUSKA

v.          Record No. 0748-95-4          MEMORANDUM OPINION[*] BY
                                          JUDGE RICHARD S. BRAY
COMMONWEALTH OF VIRGINIA                       JUNE 4, 1996


            FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                    Michael P. McWeeny, Judge

         Frank W. Romano, Assistant Public Defender,
         for appellant.

         Kathleen B. Martin, Assistant Attorney
         General (James S. Gilmore, III, Attorney
         General, on brief), for appellee.


    David Eugene Petruska (defendant) was convicted by a jury of

first degree murder.  On appeal, defendant complains that the

trial court erroneously overruled his "Motion For Judgment Of

Acquittal" after a jury was unable to reach a verdict in an

earlier trial for the same offense.  We find defendant's claim

procedurally barred and affirm the conviction.

    The parties are fully conversant with the record in this

case, and we recite only those facts necessary to a disposition

of this appeal.

    On November 14, 1994, defendant was initially tried before a

jury on the subject indictment.  Deliberations began on November

16, 1994, and, the following day, the foreman advised the court

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

that the jury "[could] continue to discuss the issues but . . . [was] no longer being productive."  Deliberations resumed the next morning, but the jury was again unable to reach a verdict.  Overruling defendant's objection and attendant motion for a mistrial, the court then instructed the jury with the "Allen Charge" upon motion of the Commonwealth, but continued deliberations concluded with the jury still at an "impasse."  Defendant again moved for a mistrial and, without objection from the Commonwealth, the court granted the motion, then scheduling a retrial for February 28, 1995, by agreement of counsel.

At retrial, defendant first moved for a "judgment of acquittal," reasoning that "[b]ecause the Commonwealth's evidence was insufficient to support a unanimous finding of guilt beyond a reasonable doubt [at the previous trial], the [c]ourt should enter a judgment of acquittal . . . ."  The court overruled the motion and the instant conviction resulted from the ensuing trial.

"When a defendant 'successfully seeks to avoid his trial prior to its conclusion by a motion for mistrial,' . . . [s]uch action . . . is considered to be a 'deliberate election on his part to forgo his valued right to have his guilt or innocence determined before the first trier of fact.'"  Harris v. Commonwealth, 222 Va. 205, 211, 279 S.E.2d 395, 399 (1981) (citations omitted).  "No litigant, even a defendant in a criminal case, will be permitted to approbate and

reprobate . . . ." Fisher v. Commonwealth, 236 Va. 403, 417, 374 S.E.2d 46, 54 (1988), cert. denied, 490 U.S. 1028 (1989). "The defendant, having agreed upon the action taken by the trial court, should not be allowed to assume an inconsistent position." Clark v. Commonwealth, 220 Va. 201, 214, 257 S.E.2d 784, 792 (1979), cert. denied, 444 U.S. 1049 (1980).

Here, defendant twice moved the trial court to order a mistrial, without once asserting that the inconclusive proceeding required his acquittal as a matter of law. The trial court granted defendant's motion and, without objection from either the Commonwealth or defendant, immediately scheduled the instant retrial. See Cantrell v. Commonwealth, 7 Va. App. 269, 279, 373 S.E.2d 328, 332 (1988). Thus, having expressly requested the mistrial, defendant is now precluded from complaining of attendant error.

Moreover, it is well established that, "[o]n appeal, a ruling of a trial court cannot be a basis for reversal unless an objection is stated 'together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice.'" Campbell v. Commonwealth, 12 Va. App. 476, 480, 405 S.E.2d 1, 2 (1991) (en banc) (quoting Rule 5A:18). Arguments not presented to the trial court will not be entertained on appeal. Jacques v. Commonwealth, 12 Va. App. 591, 593, 405 S.E.2d 630, 631 (1991). Defendant's failure to make a motion for acquittal and related

argument during the first trial prevented the trial court from engaging that issue while it remained subject to redress as a part of those proceedings. Thus, finding no justification for the "ends of justice" exception to Rule 5A:18, we are similarly precluded from considering the argument. See Mounce v. Commonwealth, 4 Va. App. 433, 436, 357 S.E.2d 742, 744 (1987).

Accordingly, the conviction is affirmed.

Affirmed.