COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Bray and Fitzpatrick
Argued at Salem, Virginia


GRELLAN J. HARTY
                                    MEMORANDUM OPINION[*] BY
v.        Record No. 0979-96-3    JUDGE JOHANNA L. FITZPATRICK
                                         APRIL 29, 1997
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF ROCKBRIDGE COUNTY
                      George E. Honts, III, Judge

           Thomas C. Spencer (Spencer & Filson, P.C., on
           brief), for appellant.

           Daniel J. Monroe, Assistant Attorney General
           (James S. Gilmore, III, Attorney General, on
           brief), for appellee.


     Grellan J. Harty (appellant) appeals his conviction of

driving while under the influence of alcohol in violation of Code

§ 18.2-266.  He contends that, because the Commonwealth's

evidence was obtained by unlawfully detaining appellant and

violating his Fourth Amendment rights, the trial court erred in

denying his motion to suppress.  For the reasons that follow, we

affirm the judgment of the trial court.[1]

     At approximately 11:30 p.m. on November 28, 1995, Officer

Ferguson (Ferguson) of the Rockbridge County Sheriff's Department

was travelling west on U.S. Route 39 in Rockbridge County.  It

was raining heavily, and he noticed appellant walking down the

_____

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

     [1]The record on appeal consisted of a statement of facts.

road without an umbrella or raincoat. A short distance away, Ferguson saw "a vehicle on the right hand side of the road [that] had run into a bank." As he passed the vehicle, he shined a spotlight on it, but saw no one in the car. He turned his car around, approached appellant, and told him to get into the car. Ferguson testified at trial that he told appellant to get into his car to offer him shelter from the rain. Appellant testified that he "felt ordered to get into the car and was not free to leave."

Once appellant was in the car, Ferguson asked him whether he had been driving the car, and appellant responded affirmatively. Appellant told the officer that he had been driven off the road by a truck. At that point in the conversation, Ferguson detected the odor of alcohol. Appellant described the errant truck, and pursuant to department policy, Ferguson radioed for a trooper to investigate the accident. Appellant told Ferguson that "the last alcohol he had consumed had been more than an hour previously." Virginia State Trooper Noe (Noe) arrived at the scene, and after Ferguson relayed the events, took over the investigation. Appellant conveyed a similar story to Noe, and told him that he "had consumed about four beers" and that he "had had his last beer around 10:00 p.m."

Appellant moved to suppress the evidence obtained by the Commonwealth on the grounds that it had been obtained as the result of an illegal stop and seizure in violation of his Fourth

2

Amendment rights.  The trial court denied the motion and on April 22, 1996, found him guilty of driving under the influence.

### I.  REASONABLE ARTICULABLE SUSPICION

Appellant contends that there was no basis for Ferguson to conduct an investigative stop and consequently, his detention was a seizure in violation of his Fourth Amendment rights.  Thus, he argues, any evidence obtained as a result thereof should have been suppressed by the trial court.

On appeal, appellant has the burden to demonstrate that the trial court's decision in overruling the motion to suppress was plainly wrong and reversible error.  See Fore v. Commonwealth, 220 Va. 1007, 1010, 265 S.E.2d 729, 731, cert. denied, 449 U.S. 1017 (1980); Motley v. Commonwealth, 17 Va. App. 439, 440-41, 437 S.E.2d 232, 233 (1993).  All credible evidence favorable to the Commonwealth, including all fair inferences to be drawn therefrom, is to be regarded as true.  Wright v. Commonwealth, 196 Va. 132, 137, 82 S.E.2d 603, 606 (1954).

"'[A] police officer may in appropriate circumstances and in an appropriate manner approach a person for purposes of investigating possible criminal behavior even though there is no probable cause to make an arrest.'"  Williams v. Commonwealth, 4 Va. App. 53, 64, 354 S.E.2d 79, 85 (1987) (quoting Terry v. Ohio, 392 U.S. 1, 22 (1968)).  "'[I]f there are articulable facts supporting a reasonable suspicion that a person has committed a criminal offense, that person may be stopped in order to identify

3

him, to question him briefly, or to detain him briefly while attempting to obtain additional information.'" Id. (quoting Hayes v. Florida, 470 U.S. 811, 816 (1985)). In evaluating whether an investigative detention is unreasonable, ordinary human experience must govern over rigid criteria, and the totality of the circumstances must be considered. See Limonja v. Commonwealth, 8 Va. App. 532, 542, 383 S.E.2d 476, 482 (1989) (en banc), cert. denied, 495 U.S. 905 (1990).

In the instant case, Ferguson clearly had reasonable articulable suspicion that appellant had been involved in the accident at the time of the detention. The record established that Ferguson observed a man walking, on a rainy night, without a coat or umbrella, away from a car that had been driven off the road and into an embankment. No other persons were near the scene of the accident. Based on the totality of these observations, Ferguson reasonably concluded that appellant was involved in the accident. Credible evidence supports the inferences that Ferguson stopped appellant to determine the cause of the accident, whether anyone was hurt, whether damage was sustained, and whether alcohol was involved.[2]

## II. NON-CUSTODIAL INTERROGATION

Appellant next argues that he was not given his Miranda

---

[2]Appellant's reliance on Barrett v. Commonwealth, 250 Va. 243, 462 S.E.2d 109 (1995), is misplaced. The community caretaker doctrine is inapplicable in the instant case because, as stated above, Ferguson possessed reasonable articulable suspicion and made a valid investigative detention of appellant.

4

warnings prior to being questioned by the police.  See <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966).  However, this objection is not noted anywhere in the statement of facts.  "No ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice."  Rule 5A:18.  We will not consider an argument on appeal that was not presented to the trial court.  See <u>Jacques v. Commonwealth</u>, 12 Va. App. 591, 593, 405 S.E.2d 630, 631 (1991) (citing Rule 5A:18).  Moreover, the record does not reflect any reason to invoke the good cause or ends of justice exceptions to Rule 5A:18.

Accordingly, we hold that the trial court properly overruled appellant's motion to suppress, and we affirm the trial court's judgment.

<u>Affirmed.</u>