COURT OF APPEALS OF VIRGINIA

Present: Judges Bray, Annunziata and Overton

ROYAL ANDREW BANDY

v.   Record No. 1463-97-3

BUCHANAN COUNTY DEPARTMENT
 OF SOCIAL SERVICES

MEMORANDUM OPINION[*]
PER CURIAM
MARCH 10, 1998

FROM THE CIRCUIT COURT OF BUCHANAN COUNTY
Keary R. Williams, Judge

(Kevin D. Tiller, on brief), for appellant.

(Sandra Keen McGlothlin; McGlothlin & Wife,
on brief), for appellee.


Royal Bandy appeals the decision of the circuit court terminating his residual parental rights. Bandy contends that the trial court failed to hold the termination hearing within the time required under Code § 16.1-296(D) following Bandy's appeal from the juvenile and domestic relations district court. Upon reviewing the record and briefs of the parties, we conclude that this appeal is without merit. Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27.

Code § 16.1-296(D) provides that "[w]hen an appeal is taken in a case involving termination of parental rights brought under § 16.1-283, the circuit court shall hold a hearing on the merits of the case within ninety days of the perfecting of the appeal." Bandy contends that the trial court erred by failing to hold the

_____

[*]Pursuant to Code § 17-116.010 this opinion is not designated for publication.

termination hearing within the ninety-day period required by Code § 16.1-296(D). The juvenile and domestic relations district court order of termination was entered February 28, 1996.

We find no indication that Bandy raised before the trial court the issue he now raises on appeal. The Court of Appeals will not consider an argument on appeal which was not presented to the trial court. See Jacques v. Commonwealth, 12 Va. App. 591, 593, 405 S.E.2d 630, 631 (1991) (citing Rule 5A:18).

Accordingly, Rule 5A:18 bars our consideration of this question on appeal. Moreover, the record does not reflect any reason to invoke the good cause or ends of justice exceptions to Rule 5A:18. The record indicates that an agreed order of continuance was entered on April 26, 1996, rescheduling the hearing for August 1996 and noting that all parties "agreed to Waive the requirements of Section 16.1-296D . . . ." A subsequent continuance was granted on August 6, 1996, pursuant to motions to withdraw filed by counsel for Bandy and the mother. On March 10, 1997, the court granted Bandy's motion to continue the hearing until April 17, 1997.

Bandy did not raise this issue before the trial court, and the record does not reflect grounds for an exception to Rule 5A:18. Accordingly, the decision of the circuit court is summarily affirmed.

Affirmed.