COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Fitzpatrick, Judges Elder and Overton
Argued at Richmond, Virginia


LINDA DARLINE KEENE

MEMORANDUM OPINION[*] BY
v.          Record No. 0089-97-3          JUDGE NELSON T. OVERTON
MARCH 17, 1998
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF WAYNESBORO
Rudolph Bumgardner, III, Judge

Scott Goodman for appellant.

Michael T. Judge, Assistant Attorney General
(Richard Cullen, Attorney General, on brief),
for appellee.


Linda Darline Keene (defendant) appeals her conviction in
the circuit court for the first degree murder of Mrs. Thelma
Frasher. Defendant ascribes error to the trial court's exclusion
of two hearsay statements. She argues that both statements were
admissible under exceptions to the hearsay rule. Because we do
not agree, we affirm.

The parties are fully conversant with the record in this
case and because this memorandum opinion carries no precedential
value, no recitation of the facts is necessary.

The first hearsay statement defendant sought to admit came
from Louise Hassett, Mrs. Frasher's friend of over seventy years.
Ms. Hassett's health prevented her from testifying at trial.
However, during a pretrial deposition Ms. Hassett stated that

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Mrs. Frasher considered defendant to be "the daughter she'd never had."  Defendant sought to admit the deposition transcript under the "state of mind" exception to the hearsay rule.

"One seeking to have hearsay declarations . . . admitted as an exception to the general rule must clearly show that they are within the exception."  2 Charles E. Friend, The Law of Evidence in Virginia § 18-8 (4th ed. 1993) (citing Doe v. Thomas, 227 Va. 466, 472, 318 S.E.2d 382, 386 (1984)).  The "state of mind exception" requires three elements be satisfied:  the declaration is relevant, refers to "a presently existing state of mind," and has "no obvious indication of falsification or contrivance." Evans-Smith v. Commonwealth, 5 Va. App. 188, 197, 361 S.E.2d 436, 441 (1987).  Ms. Hassett's statement fails the test because it was not relevant to the case.

The relevant state of mind in a trial for murder is only occasionally that of the victim.  See Compton v. Commonwealth, 219 Va. 716, 729, 250 S.E.2d 749, 757 (1979) (holding the victim's state of mind was relevant to support defendant's claim that the homicide was accidental); Banovitch v. Commonwealth, 196 Va. 210, 221, 83 S.E.2d 369, 375 (1954) (holding the state of mind of the victim was relevant when consent was offered as a defense).  This Court in Evans-Smith stated the law on this issue very clearly when we noted that the victim's state of mind was relevant only when it was "probative of an ultimate issue in [the] case."  Evans-Smith, 5 Va. App. at 198, 361 S.E.2d at 442.

Such cases arise "where the defense contends the death was the result of suicide, accident or self-defense." Id. Because defendant offered no such defense, we hold that, under the current state of the law, Ms. Hassett's statement was irrelevant hearsay.

We refuse defendant's invitation to overrule Evans-Smith and hold the victim's state of mind was relevant to defendant's motive or intent. "Certainly, had the [defendant] possessed motive or intent, either would have existed independent of the victim's . . . state of mind." Id. Whether defendant successfully lulled Mrs. Frasher into believing they shared a filial relationship is not relevant to defendant's state of mind when she caved in Mrs. Frasher's skull with a lawn mower blade.

The second hearsay statement offered by defendant was that of Ms. Wilda Robertson. She told investigators that on the morning of the murder defendant had spent approximately two hours cleaning her house. Ms. Robertson died before trial and was, therefore, unavailable to testify. Defendant argued that the statement's "necessity and inherent trustworthiness" allowed admission of the statement. Defendant finally admitted that she sought creation of a "residual hearsay exception" like that found in the Federal Rules of Evidence. Fed. R. Evid. 804(b)5. The lower court refused to apply federal statutory law to a purely state prosecution for murder, as do we. See Chandler v. Commonwealth, 249 Va. 270, 279, 455 S.E.2d 219, 225 (1995).

- 3 -

Defendant in her appellate brief and argument has suggested yet another exception to the hearsay rule. She offers <u>State v. Hurst</u>, 487 S.E.2d 846 (N.C. Ct. App. 1997), a case from North Carolina which describes a six-step test for admissibility of certain hearsay statements. In fact, when the trial court ordered defense counsel to brief the admissibility of Ms. Robertson's statement, defense counsel could have offered the <u>Hurst</u> test.[1] Yet he failed to submit any brief at all. Because defendant did not see fit to present her argument to the lower court, we may not consider it for the first time on appeal. <u>See</u> Rules 5A:12 and 5A:18. <u>See also</u> <u>Jacques v. Commonwealth</u>, 12 Va. App. 591, 593, 405 S.E.2d 630, 631 (1991).

Because we find both statements to be hearsay not covered by a recognized exception, both statements were properly excluded. Accordingly, we affirm defendant's conviction.

<u>Affirmed.</u>

---

[1]This test has been the law of North Carolina for many years and was available to defendant at the time of trial. <u>See</u> <u>State v. Peterson</u>, 446 S.E.2d 43, 48 (N.C. 1994) (citing <u>State v. Triplett</u>, 340 S.E.2d 736, 741 (N.C. 1986)).