COURT OF APPEALS OF VIRGINIA

Present:  Judges Benton, Coleman and Senior Judge Cole
Argued at Richmond, Virginia


TROY ALAN SIMMONS

                                          MEMORANDUM OPINION[*]
v.    Record No. 0152-97-2          BY JUDGE MARVIN F. COLE
                                            APRIL 7, 1998
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
                       Timothy J. Hauler, Judge

              Cary B. Bowen (Amy M. Curtis; Bowen, Bryant,
              Champlin & Carr, on brief), for appellant.

              Richard B. Smith, Assistant Attorney General
              (Richard Cullen, Attorney General, on brief),
              for appellee.


     Appellant, Troy Alan Simmons, was convicted of second degree

murder and burglary while armed.  On appeal, he contends that the

trial court committed error when it (1) failed to declare a

mistrial when evidence of prior bad acts was admitted in evidence

in violation of an agreement between defense counsel and the

prosecutor that such evidence would be excluded; (2) introduced

in evidence a statement of the appellant made at the hospital,

which the trial court found to be unreliable; and (3) denied

appellant a fair trial because of cumulative prejudice.  We

affirm.

     On appeal, we view the evidence in the light most favorable

to the Commonwealth, granting to it all reasonable inferences

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

fairly deducible therefrom.  See Martin v. Commonwealth, 4 Va.
App. 438, 443, 358 S.E.2d 415, 418 (1987).

I.  Mistrial

Before trial, appellant and the prosecutor made a joint motion in limine, advising the court that they had agreed not to go into evidence of other offenses and not to explore areas of other ancillary offenses.  The prosecutor stated, and defense counsel concurred, that they did not want to dwell on specific bad acts in front of the jury; this would apply to the Commonwealth on direct examination of witnesses but that it might not apply during cross-examination of witnesses.  The court granted the joint motion.

During the direct testimony of Melissa Schaack, daughter of the victim and girlfriend of appellant, the following questioning occurred:

Q.    Now, let me ask you, had there been any problems or had you seen any problems between Mr. Simmons and your mother?
A.    Yes.  There was.
Q.    Of what nature?
A.    Troy and my mother never did get along. . . . [N]either one of them liked each other.
Q.    Other than the fact that they didn't get along, had there been any serious problems?
A.    There was a problem right after Thanksgiving.  He assaulted my brother and sister's babysitter and we had out a trespassing warrant.
Q.    I'm talking about your mother and Mr. Simmons.  You had seen no trouble between your mother and Mr. Simmons at all?

Mr. Bowen:  Judge, I'm going to reserve an

> objection to that comment to argue at the
> proper time.

Later, while the jury was excused, defense counsel made a motion for a mistrial based upon Schaack's testimony which counsel claimed violated the agreement between the parties and the in limine ruling of the trial court.  The trial judge denied the mistrial motion, but offered to give a curative instruction.  Defense counsel asked the judge not to give the curative instruction.

The testimony of Melissa Schaack indicated that appellant and her mother (the victim) did not get along.  Although there was no violence between them, there were arguments.  Appellant testified that when he phoned, the victim would refuse to let him speak to Melissa and would hang up on him.  Other evidence indicated that the victim had instructed appellant not to call her home.

In Martin v. Commonwealth, 11 Va. App. 397, 409, 399 S.E.2d 623, 629 (1990), we stated:  "The defendant refused the cautionary instruction.  When a defendant not only does not request an instruction, but denies the court's offer to give one, any error which may have been committed otherwise is waived."  By refusing the trial judge's offer to give a curative instruction, the defendant waived his objection to the alleged error.  Furthermore, even if defense counsel had not waived his objection, the trial court did not err by denying the motion for a mistrial.  Although the parties agreed to exclude the evidence

3

and the trial judge concurred in the agreement, the evidence was otherwise admissible and the trial court did not err by admitting relevant and material evidence.

Evidence of prior crimes or bad acts of a defendant are inadmissible when offered only to prove a criminal predisposition to commit the crime for which the defendant is charged. "'Evidence of other offenses is [admissible] if it shows the conduct and feeling of the accused towards his victim, if it establishes their prior relations, or if it tends to prove any relevant element of the offense charged.'" Foster v. Commonwealth, 6 Va. App. 313, 323, 369 S.E.2d 688, 694 (1988) (quoting Kirkpatrick v. Commonwealth, 211 Va. 269, 272, 176 S.E.2d 802, 805 (1970)). Here, the evidence was admissible to prove the prior relationship between the defendant and the victim, and we will not reverse the trial court for refusing to declare a mistrial for not excluding admissible evidence.

## II.  Appellant's Hospital Statement

The appellant testified on his own behalf. During cross-examination, the prosecutor asked if he recalled being interviewed by Detective Church at the hospital. Defense counsel objected to the admissibility of the appellant's statement to Church because Miranda warnings were not given and because appellant was in the recovery room after major surgery and was under sedation. Defense counsel claimed that a statement given under these circumstances was not reliable. The dispositive

4

question is whether there was manifest prejudice when a statement of the appellant, which the trial court later found to be unreliable, was introduced into evidence.

After considering argument of counsel, the trial judge stated:

> I think you may ask Mr. Simmons if he had given a statement to Detective Church that differs significantly from the statement he has given the court today, and if he says he doesn't know, or if he doesn't remember, then we'll bring Detective Church in. If he says, "Yes, it was," then that's the end of it.

Defense counsel did not object to this procedure, but stated that the Church statement given to him by the prosecutor did not appear to be a complete interview. The trial judge stated that defense counsel was entitled to have full information. It was arranged for him to interview Church and to hear a tape of the conversation between Church and Simmons at the hospital.

After interviewing Church and listening to the tape, defense counsel advised the trial court:

> I believe that what Mr. Simmons will say is that there are differences in what Mr. Church says and what he says today, and as well with the statement to [Officer] Crews. I'm not trying -- once Mr. Von Schuch asks him, we'll know. I mean I don't know of any way to handle it really.

At this point, the record indicates that every objection made by defense counsel had been resolved to his satisfaction by the trial judge. The prosecutor asked Simmons the questions proposed by the judge with no further objection:

> Q.  Do you recall talking to Detective

5

> Church of the Chesterfield County Police Department after you came out of surgery at the Medical College of Virginia?
> A. Vaguely, sir.
> Q. And isn't it true that the statement you made to him at that time was different from the statement you've just given this jury as to how Ms. Veca was stabbed?
> A. Yes, sir, that's entirely possible.
> Q. So both of the statements that you gave the police officer at the scene and the statement that you gave Detective Church are different than what you've told the jury here today?
> A. Yes, sir. I believe that's possible.

In view of these admissions, the prosecutor did not inquire about the details or content of the appellant's statements to Church. Although the hospital statement was marked as an exhibit for identification purposes, the jury neither saw the hospital statement, nor was it introduced into evidence.

We find that the defendant was not prejudiced by the questioning about his hospital statement to Church because the record does not reflect that the hospital statement was introduced in evidence or shown to the jury.

### III. Cumulative Prejudice

The appellant contends that he was denied a fair trial because the two separate grounds for which he sought a mistrial also amounted to cumulative prejudice. This argument was not raised in the trial court and for this reason we will not consider it on appeal. See Jacques v. Commonwealth, 12 Va. App. 591, 593, 405 S.E.2d 630, 631 (1991); Rule 5A:18.

6

Accordingly, Rule 5A:18 bars our consideration of this question.  Moreover, the record does not reflect any reason to invoke the good cause or ends of justice exception to Rule 5A:18.

<u>Affirmed.</u>