COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Willis


HILARIO MERCADO, JR.

                                     MEMORANDUM OPINION[*]
v.   Record No. 2588-97-4                    PER CURIAM
                                      APRIL 28, 1998
MARY L. AYMOND-GONZALES,
 F/K/A MARY L. MERCADO


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Stanley P. Klein, Judge

(Hilario Mercado, Jr., pro se, on briefs).

(Paula W. Rank; Byrd, Mische, Bevis, Bowen,
Joseph & O'Connor, P.C., on brief), for
appellee.


     Hilario Mercado, Jr., appeals the decision of the circuit

court awarding custody of the parties' minor child to Mary L.

Aymond-Gonzales, the child's mother, and ordering father to pay

child support and attorney's fees.  Father states his issues on

appeal as follows:  (1) did the circuit court err when it allowed

mother to present her case before father, the complainant,

presented his case; (2) did the circuit court abuse its

discretion when it openly communicated a predisposition of

father's case during the fact finding hearings; and (3) was the

circuit court's predisposition prejudicial to father and

detrimental to ongoing settlement negotiations.  In her brief,

mother raises two questions:  (1) whether father properly made

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

and preserved his objections and exceptions to the rulings of the trial court; and (2) whether the matter should be remanded to the trial court for an award of appellate attorney's fees. Upon reviewing the record and briefs of the parties, we conclude that this appeal is without merit. Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27. We grant mother's request for appellate attorney's fees and award her $300 for attorney's fees.

The record includes a transcript of the May 27, 1997 hearing and the exhibits. Father appeared pro se at the hearing. The court entered the final order on September 30, 1997. Father endorsed the decree as follows:

> Seen and objected for: proceedings that did not afford me due process, and for those items enumerated [sic] in my letter to Ms. Rank, Defendant counsel, of September 25, 1997, items "a." through "i," attached (served by fax September 25, 1997).

The letter to which father referred was attached to the court's order, and described "areas of disagreement" with a letter sent to father by wife's counsel.

Father's letter request to the clerk of the circuit court, seeking an extension of time within which to file a written statement of facts, was denied by the trial court. See Rule 5A:3(b). Father indicated to this Court that the record on appeal was sufficient for a determination of the questions presented on the merits. We agree. The record includes the transcript of the hearing.

## PRESENTATION OF CASE

Father contends that the trial judge committed reversible error when it allowed mother to present her case before he presented his at the May 27, 1997 hearing.  A review of the hearing transcript demonstrates that although mother's counsel presented an opening statement first, father was allowed to present his evidence first.  In addition, father failed to object to the presentation of the opening statement by mother.  The Court of Appeals will not consider an argument on appeal that was not presented to the trial court.  See Jacques v. Commonwealth, 12 Va. App. 591, 593, 405 S.E.2d 630, 631 (1991).  Rule 5A:18 bars our consideration of this question on appeal.  Moreover, the record does not reflect any reason to invoke the good cause or ends of justice exceptions to Rule 5A:18.  The trial judge has discretion to determine the order of presentation of evidence in a case.  Floyd v. Commonwealth, 219 Va. 575, 582, 249 S.E.2d 171, 175 (1978).  The record does not indicate an abuse of discretion.

## PREDISPOSITION COMMENTS BY TRIAL JUDGE

Father also alleges that the trial judge's comments during the hearing demonstrated a "predisposition" concerning his case.  For example, father alleges that the trial judge denied father's attempt to call mother's counsel as a witness.  However, the trial judge stated the following:

> If it gets to a point where there's an honest dispute as to what was said, and [wife's counsel] then becomes a material witness, then I'm going to let you call her because it would be improper and unfair to prevent you

from doing so.  But I'm not going to let you
start off by taking her out of this case.

Father did not object.

Father also called his former counsel to testify concerning negotiations.  In order to protect father's rights, the trial judge noted the following:

[W]hat [father's former counsel] testified to on May 19th outside of your presence, because you decided not to be there at noon because you thought the case wasn't going to be heard until some time after lunch, I am not going to consider today because I want to make sure that you have an opportunity to have presented in front of you the evidence that I'm going to consider.

Father also points to a clarifying question asked by the judge concerning the phrase "honest agreement" used by father.

Father did not object to these statements when they were made or otherwise preserve any objection to the trial judge's handling of the case.  Father did not move to recuse the trial judge on the ground that he was biased.  Moreover, upon our review of the record, we find no indication that the trial judge prejudged father's case.  On the contrary, the hearing transcript demonstrates that the trial judge guided father through the hearing in an effort to resolve the outstanding factual question regarding the existence of an agreement between the parties.  The record does not reflect any error.

## EFFECT ON SETTLEMENT NEGOTIATIONS

Father's last contention is that the trial judge's prejudicial comments negatively affected wife's willingness to

settle.  As noted above, we find no indication of bias or prejudice in the trial judge's comments.  Moreover, it is axiomatic that a party's willingness to settle varies based upon the trial court's assessment of the merits.  Settlement negotiations are fluid, not static.  The record does not reflect any error.

ATTORNEY'S FEES

Mother seeks an award of appellate attorney's fees.  Under the circumstances of this case, we award the mother $300 for appellate attorney's fees.

Accordingly, the decision of the circuit court is summarily affirmed.

Affirmed.