COURT OF APPEALS OF VIRGINIA


Present: Judges Baker, Bray and Overton
Argued by teleconference


LEROY RICKY ETHERIDGE

MEMORANDUM OPINION[*] BY
v.        Record No. 1487-97-1        JUDGE NELSON T. OVERTON
                                      JUNE 9, 1998
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
Robert W. Curran, Judge

(Sa'ad El-Amin; El-Amin & Crawford, on
brief), for appellant.[1]

Linwood T. Wells, Jr., Assistant Attorney
General (Mark L. Earley, Attorney General, on
brief), for appellee.


Leroy Ricky Etheridge (defendant) was convicted on April 3, 1996 of the first degree murder of his estranged wife, Mary Etheridge. On appeal, he contends the evidence was insufficient to convict him of first degree murder.[2] Because the evidence was sufficient to support his conviction, we affirm.

The parties are fully conversant with the record and because

---

[*]Pursuant to Code § 17-116.010 this opinion is not designated for publication.

[1]Counsel for appellant requested oral arguments in this case be moved in order to accommodate a conflict in his schedule. The Court rescheduled the case to a mutually convenient time. Appellant's counsel still failed to appear. We decided the case on appellee's oral argument, the briefs and the record.

[2]In the alternative, defendant claims the evidence proved only that he committed second degree murder. This argument was not presented to the trial court until the sentencing hearing and, as such, was untimely. We will not consider claims raised for the first time on appeal. See Rule 5A:18; Jacques v. Commonwealth, 12 Va. App. 591, 593, 405 S.E.2d 630, 631 (1991).

this memorandum opinion carries no precedential value, no recitation of the facts is necessary.

Code § 18.2-32 defines first degree murder as:

> Murder, other than capital murder, by poison, lying in wait, imprisonment, starving, or by any willful, deliberate, and premeditated killing, or in the commission of, or attempt to commit, arson, rape, forcible sodomy, inanimate object sexual penetration, robbery, burglary or abduction, except as provided in § 18.2-31.

We will reverse the conviction only if it is "plainly wrong or without evidence to support it." Code § 8.01-680.

Defendant contends the evidence was insufficient to prove he murdered his wife. To the contrary, the evidence overwhelmingly proved defendant's guilt. Defendant was seen fighting with her at church on the Sunday before she was murdered. He left many frantic phone calls at her home and work phones asking her to let him into the home, to leave the doors unlocked and generally asking to see her. Defendant called his wife's employer, Joseph Kertesz, and told Mr. Kertesz he was going to try to get into the house. Defendant was seen exiting the victim's house the day before the body was found and his car was seen in the driveway. A letter from him apologizing for "all the pain I cause you all the hurt" was found next to his wife's dead body. Most

importantly, while defendant was in jail pending trial he threatened his nephew, who was also incarcerated, that his mother, the victim's sister, was "next."  These facts provide sufficient evidence to support the conviction.

Because the trial court's decision was founded in evidence sufficient to support the conviction, we affirm.

<u>Affirmed.</u>