COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Fitzpatrick, Judges Willis and Annunziata
Argued at Alexandria, Virginia


RASHOURN EZEKIEL NILES

                                         MEMORANDUM OPINION[*] BY
v.        Record No. 2428-97-4     JUDGE JERE M. H. WILLIS, JR.
                                        OCTOBER 27, 1998
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
William T. Newman, Jr., Judge

Bobby B. Stafford (Kathryn E. Coward; The Law
Offices of Raby & Stafford, on brief), for
appellant.

Leah A. Darron, Assistant Attorney General
(Mark L. Earley, Attorney General, on brief),
for appellee.


Rashourn Ezekiel Niles contends that the trial court improperly applied Code § 16.1-272, in violation of his equal protection rights, and thereby divested itself of jurisdiction.

Niles, a juvenile offender, was properly transferred to the jurisdiction of the trial court. He entered a guilty plea pursuant to a plea agreement and was convicted of two counts of robbery, two counts of use of a firearm in the commission of a robbery, and one count of malicious wounding. He argues that his equal protection rights were violated at sentencing because the trial court did not consider Code § 16.1-283 when applying Code § 16.1-272.[1]

---

[*]Pursuant to Code § 17-116.010 this opinion is not designated for publication.

[1]Code § 16.1-272, titled "Power of circuit court over juvenile offender," provides in part for the sentencing of a

No transcript or statement of facts was filed timely. Niles asserts that the sentencing orders are sufficient to support his assignment of error. Thus, any objections made and the reasons stated therefor must appear on the face of the sentencing orders. See Rule 5A:18. See also Jacques v. Commonwealth, 12 Va. App. 591, 593, 405 S.E.2d 630, 631 (1991).

We cannot assume that Niles' counsel objected at the sentencing hearing, nor can we assume the process relied upon by the trial court in determining Niles' sentences. See Lee v. Lee, 12 Va. App. 512, 516-17, 404 S.E.2d 736, 738-39 (1991). The orders show no objection by Niles' counsel, nor do they mention the statutes that Niles calls into issue. Niles asks us to assume not only that appropriate objections were made, but also that grounds for such objections exist. We cannot make such an assumption.

No lack of the trial court's jurisdiction is apparent on the face of the sentencing orders. The record reflects no objection by Niles to the sentences on constitutional grounds. Thus, that question is waived on appeal. Cottrell v. Commonwealth, 12 Va. App. 570, 574, 405 S.E.2d 438, 441 (1991).

(..continued)
juvenile offender being tried as an adult. Code § 16.1-285.1, "Commitment of serious offenders," provides guidelines for the commitment of a serious juvenile offender.

The judgment of the trial court is affirmed.

Affirmed.
