COURT OF APPEALS OF VIRGINIA


Present: Chief Judge Fitzpatrick, Judges Willis and Annunziata
Argued at Alexandria, Virginia


TERRANCE DARNELL BOYKIN
                                    MEMORANDUM OPINION[*] BY
v.        Record No. 1718-97-4     JUDGE JERE M. H. WILLIS, JR.
                                        DECEMBER 8, 1998
COMMONWEALTH OF VIRGINIA


        FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
                    Frank A. Hoss, Jr., Judge

        Corinne J. Magee for appellant.

        Richard B. Smith, Assistant Attorney General
        (Mark L. Earley, Attorney General, on brief),
        for appellee.



     Upon appeal from his conviction for rape, in violation of

Code § 18.2-61, Terrance Darnell Boykin contends that the trial

court erred in granting the Commonwealth's motion in limine to

prevent Boykin from mentioning on voir dire the penalty for rape.

 We affirm the judgment of the trial court.

     Boykin was charged with rape, in violation of Code

§ 18.2-61, and his case was set for trial before a jury.  The

Commonwealth moved in limine to bar Boykin from stating on voir

dire the specific penalty he faced if convicted.  The trial court

granted the motion, and limited Boykin to telling the venire only

that the charge was "a most serious offense with great

consequences."  The jury found Boykin guilty of rape and,

following a sentencing hearing, fixed his punishment at seven

_____
        [*]Pursuant to Code § 17.1-413, recodifying Code § 17-116.010,
this opinion is not designated for publication.

years in prison.

Boykin contends that the trial court's ruling impaired his constitutional right to an impartial jury.[1]  He argues that because he was forbidden to ask the venire on voir dire about their predispositions concerning punishments, he was prevented from striking those veniremen who were predisposed to heavy sentences regardless of the evidence and the trial court's instructions.

Boykin is barred from raising the constitutional issue on appeal because he did not state that issue as a ground for objection at trial.  Rule 5A:18.  See Jacques v. Commonwealth, 12 Va. App. 591, 593, 405 S.E.2d 630, 631 (1991).  Objecting at trial to the motion in limine, Boykin argued simply that the gravity and enormity of the sentence should be considered by the jury.  Counsel for Boykin argued as follows:

> I understand that this is a bifurcated trial but I also think that the jury needs to understand that this is a most serious offense under Virginia statutes and that in fact Mr. Boykin could in fact received [sic] a life sentence.  This is not a ten or fifteen year offense and I think that the magnitude and the enormity of that sentence is something and a fact that the jury should be made aware of up front . . . .  Because I think that when they consider all of the evidence and they consider the credibility of the witnesses and they consider all the other tangible and intangible demonstrative evidence they need to have in the back of their mind that they are considering these things in view of the fact that they could

[1]Boykin cites U.S. Constitution Amendments VI and XIV and Virginia Constitution Article 1, Section 8.

- 2 -

> give this person a life sentence.  I think
> it's proper and that they should have that
> information prior to hearing the case.

Boykin never argued that granting the motion <u>in</u> <u>limine</u> would violate his constitutional right to an impartial jury.  <u>See</u> <u>Cottrell v. Commonwealth</u>, 12 Va. App. 570, 574, 405 S.E.2d 438, 441 (1991).

The judgment of the trial court is affirmed.

<u>Affirmed.</u>