COURT OF APPEALS OF VIRGINIA

Present:  Judges Bray, Annunziata and Overton

MICHAEL E. VANDERFORD

                                  MEMORANDUM OPINION[*]
v.   Record No. 1314-98-4               PER CURIAM
                               DECEMBER 8, 1998
TOMMIE ADELIA VANDERFORD


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
David T. Stitt, Judge

(Thomas F. Koerner, Jr., on brief), for
appellant.

(Richard P. Buzan, on brief), for appellee.


Michael E. Vanderford (husband) appeals the decision of the circuit court denying his motion to eliminate spousal support paid to Tommie A. Vanderford (wife).  Husband contends that the trial court erred by (1) failing to terminate spousal support where the amount wife received as her share of husband's pension exceeded the amount she received as spousal support; and (2) adopting a percentage reduction formula to determine wife's spousal support.  Upon reviewing the record and briefs of the parties, we conclude that this appeal is without merit. Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27.

---

[*]Pursuant to Code § 17.1-413, recodifying Code § 17-116.010, this opinion is not designated for publication.

## Failure to Eliminate Spousal Support

"When a trial court hears evidence ore tenus, its findings are entitled to the weight of a jury verdict, and will not be disturbed on appeal unless plainly wrong or without evidence to support them." Floyd v. Floyd, 1 Va. App. 42, 45, 333 S.E.2d 364, 366 (1985). As the party seeking to modify spousal support, husband was required to prove that the material change in circumstances warranted a modification of support. See Schoenwetter v. Schoenwetter, 8 Va. App. 601, 605, 383 S.E.2d 28, 30 (1989). The parties agreed that there had been a material change in circumstances since entry of the initial spousal support award, and agreed that husband was not underemployed.

The trial court expressly rejected husband's contention that the payout from his pension constituted a material change in circumstances. Rather, the court found that the payout "was contemplated on the face of the property settlement agreement." The trial court also found no evidence to support husband's testimony that the parties agreed that spousal support would cease once the payout began. As noted by the trial court, "if that had, in fact, been the agreement of the parties, that the spousal support would stop when the pension kicked in, then the property settlement agreement should have said that. It doesn't."

Under Code § 20-107.1, the trial court is required to consider the parties' income when setting the amount of spousal

support. Both parties presented evidence of their current expenses and income. Wife's gross monthly income from her employment was $1,274, and her share of the monthly pension benefits was $1,894. Wife's monthly listed expenses totaled approximately $3,011. The trial court noted that the expenses of both parties were reasonable. The court found credible wife's explanations for her increased expenses "particularly because a substantial portion of those increases were in the health expense field, and also things related to her personal situation." Wife indicated that she continued to incur additional debt each month when she was receiving $1,700 in monthly spousal support. Husband's monthly income totaled almost $5,250, with expenses of $3,160, excluding any spousal support payments. Thus, husband was in a better financial position than wife. We find no error in the trial court's decision not to eliminate wife's spousal support.

Percentage Reduction in Support

Husband also contends that the trial court erred by adopting a mathematic formula as the basis for reducing wife's spousal support. We find no indication that husband raised this issue below. The Court of Appeals will not consider an argument on appeal which was not presented to the trial court. See Jacques v. Commonwealth, 12 Va. App. 591, 593, 405 S.E.2d 630, 631 (1991) (citing Rule 5A:18).

Moreover, husband concedes that the trial court considered

the statutory factors before making its decision.  The trial court's recitation of and consideration of the parties' income, expenses, and other statutory factors demonstrates that the trial court did not merely apply a formula to determine the amount of spousal support.

Accordingly, the decision of the circuit court is summarily affirmed.

<u>Affirmed</u>.