COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Bray and Annunziata
Argued by teleconference


NADINE ADAMS

MEMORANDUM OPINION[*] BY
v.    Record No. 1938-98-1          JUDGE JERE M. H. WILLIS, JR.
                                         JULY 20, 1999
COMMONWEALTH OF VIRGINIA


           FROM THE CIRCUIT COURT OF GLOUCESTER COUNTY
               Leonard B. Sachs, Judge Designate

           Dawne I. Alexander for appellant.

           Eugene Murphy, Assistant Attorney General
           (Mark L. Earley, Attorney General, on brief),
           for appellee.


     On appeal from a probation revocation hearing, Nadine Adams

contends that the trial court violated her due process rights

under the Fifth and Fourteenth Amendments by refusing to allow

her to testify.  Because Adams did not object to this ruling and

made no proffer of what her testimony would be, we decline to

address the issue and affirm the ruling of the trial court.

     On October 2, 1991, Adams was convicted of uttering a

forged check and was sentenced to three years imprisonment, all

of which was suspended on condition, inter alia, that she "shall

be of good behavior and not violate any of the laws of the

[Commonwealth] of Virginia, County of Gloucester, United States

_____

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

of America, any state, or any political subdivision thereof for [five years]." Subsequently, she was convicted of multiple misdemeanors and of possession of cocaine. On July 6, 1998, a hearing was held for Adams to show cause why the 1991 suspension should not be revoked. After Len Respass, a probation and parole officer, testified to Adams' subsequent convictions, defense counsel called Adams to the stand.

The trial court did not refuse to allow Adams to testify, but rather stated that, unless she were going to deny her convictions, her testimony would be inconsequential. Defense counsel responded:

> Well, Your Honor, the Court recognizes I'm under the lamentable position that my client has, in fact, violated the conditions of her probation. I would only ask -- my intention was to put her on for some manner of mitigation, Judge. But under the circumstances, I would just ask the Court that all the malfeasance of which she has subsequently been involved in, nothing has involved violence to anyone else or endangerment of any person. And I would ask the Court to have mercy and be lenient upon her.

Defense counsel neither objected to the trial court's remarks nor proffered Adams' testimony. Thus, Adams has failed to preserve this issue for appeal. "No ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling . . . ." Rule 5A:18. See also Jacques v. Commonwealth, 12 Va. App. 591, 593, 405 S.E.2d 630, 631

-

(1991).  This rule extends to claimed errors that deny constitutional rights.  "We refuse to address the constitutional question because the defendant did not raise it in the trial court."  Cottrell v. Commonwealth, 12 Va. App. 570, 574, 405 S.E.2d 438, 441 (1991).

"Under Rule 5A:18, we do not consider trial court error as a basis for reversal where no timely objection was made except in extraordinary situations to attain the ends of justice."  Redman v. Commonwealth, 25 Va. App. 215, 220, 487 S.E.2d 269, 272 (1997).  We find no reason to invoke that exception here, as nothing in the record indicates that Adams suffered a judgment that was unlawful.

The judgment of the trial court is affirmed.

Affirmed.

-