COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Lemons and Frank
Argued at Norfolk, Virginia


VAN PRINCE WELCH

                                        MEMORANDUM OPINION* BY
v.    Record No. 1653-98-1         JUDGE JERE M. H. WILLIS, JR.
                                            OCTOBER 19, 1999
COMMONWEALTH OF VIRGINIA


             FROM THE CIRCUIT COURT OF GLOUCESTER COUNTY
                William H. Oast, Jr., Judge Designate

             Richard C. Langhorne (Roussos, Langhorne &
             Carlson, P.L.C., on brief), for appellant.

             Michael T. Judge, Assistant Attorney General
             (Mark L. Earley, Attorney General, on brief),
             for appellee.


     On appeal from his conviction of unlawful wounding, in

violation of Code § 18.2-51, Van Prince Welch contends that the

evidence was insufficient to support a finding of guilt.

Because Welch did not preserve this issue for appeal, we will

not consider it as a basis for reversal and affirm the judgment

of the trial court.  See Rule 5A:18.

     On August 27, 1997, Robin Schrader entered her office to

find Welch clutching her purse.  She pursued him into the

street.  Her screams alerted James Smith, a volunteer

firefighter, who caught Welch and attempted to subdue him.

---

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

Welch bit Smith on the hand, which produced an injury requiring medical treatment, including HIV and hepatitis tests and a series of shots, and leaving a visible scar.

At trial, Welch moved the court to relieve his court-appointed counsel so that he might represent himself. The trial court granted the motion, but ordered the attorney to assist Welch in his defense. A jury convicted Welch of unlawful wounding, in violation of Code § 18.2-51, and sentenced him to three years incarceration.

Welch contends that the evidence was insufficient to prove he wounded Smith "with the intent to maim, disfigure, disable, or kill . . . ." Code § 18.2-51. He did not, however, present this argument to the trial court. After the Commonwealth's case-in-chief, Welch moved to strike the evidence on the ground "that the State could not prevail on contradicted testimony between the witness and the police officer." The trial court denied the motion, and Welch rested without putting on any evidence. Welch then renewed the motion and added, "And then I raise also there was not a speedy trial and suggested identification." The trial court denied the renewed motion. At no time did Welch argue that the evidence of his requisite intent was insufficient.

"No ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling . . . ." Rule

-

5A:18.  <u>See</u> <u>also</u> <u>Jacques v. Commonwealth</u>, 12 Va. App. 591, 593, 405 S.E.2d 630, 631 (1991).  We find no good cause to invoke the "ends of justice" exception to Rule 5A:18.  "'[A] defendant who represents himself is no less bound by the rules of procedure and substantive law than a defendant represented by counsel.'"  <u>Townes v. Commonwealth</u>, 234 Va. 307, 319, 362 S.E.2d 650, 656-57 (1987) (citation omitted).

The judgment of the trial court is affirmed.

<u>Affirmed.</u>