## Richmond

### JOHN HUBERT LEETH, III

### V.

### COMMONWEALTH OF VIRGINIA

March 12, 1982.

Record No. 810616.

Present: Carrico, C.J., Cochran, Poff, Compton, Thompson, and Stephenson, JJ., and Harrison, Retired Justice.

336

*John F. Rick (William C. Plott; Farino & Rick; Foresman & Plott,* on briefs), for appellant.

*Ronald Waye Fahy, Assistant Attorney General (Marshall Coleman, Attorney General; Walter A. McFarlane, Deputy Attorney General,* on brief), for appellee.

COMPTON, J., delivered the opinion of the Court.

Convicted and fined $75 for operating a motor vehicle equipped with a radar detection device, in violation of Code § 46.1-198.1, John Hubert Leeth, III, attacks on appeal the sufficiency of the Commonwealth's evidence. He also claims the stopping and subsequent search of his automobile abridged his constitutional rights. He is wrong in each instance and we affirm the conviction.

As pertinent to this case, § 46.1-198.1 provides in subsection A that it shall be unlawful for any person to operate a motor vehicle upon the highways of this State when the vehicle is "equipped with" a radar detection device. The enactment proscribes other conduct pertaining to such devices that is not relevant here. The statute further provides that "[e]xcept as provided under subsection B of this section," the presence of such a device in the vehicle shall constitute prima facie evidence of a violation of the statute.

Subsection A also specifies the Commonwealth "need not prove that the device in question was in an operative condition or being operated." In June of 1978, this Court declared the foregoing sentence unconstitutional as applied to an "equipped with" violation. *Crenshaw v. Commonwealth,* 219 Va. 38, 245 S.E.2d 243 (1978).

The sentence remains a part of the statute, but in an amendment approved by the General Assembly in March of 1978 and effective July 1, 1978, Acts 1978, chs. 87, 91, subsection B was added. It provides that no person shall be guilty of a violation of the statute when the device in question, at the time of the alleged offense, "had no power source and was not readily accessible for use by the driver or any passenger in the vehicle."

Viewed in the light most favorable to the Commonwealth, the evidence shows the following facts. On October 1, 1980, near 10:25 p.m., Virginia State Trooper William J. Jones, Jr., was alone in his police vehicle, stopped headed south on a ramp that afforded access to the southbound lane of Interstate Route 81 in Rockingham County. From that position, he observed a vehicle on the highway travelling south in excess of the 55-mile-per-hour speed limit. When the vehicle "appeared to be in range," Jones activated his police radar. At that instant, the brake lights of the

vehicle "came on," and it "braked suddenly, almost to the point of skidding."

Suspecting there was a radar detector in the vehicle, Jones proceeded behind the vehicle and observed, with the aid of his headlights, "a small cord hanging down from the interior rearview mirror" of the car ahead and "the driver fumbling over the sunvisor on the driver's side of the vehicle."

Concluding that the driver was attempting to conceal a radar detector, Jones stopped the vehicle, which was being operated by the defendant Leeth. Upon request, defendant exhibited his driver's license and vehicle registration card. Jones then told defendant, who was also alone, that he had reason to believe a radar detection device was in the vehicle and that he wished to see it. Leeth, denying he possessed such a device, sought to prevent Jones' entry into his vehicle, stating any search of the car would be against defendant's will.

Upon entering defendant's vehicle, Jones found a "power cord running from the dash up and over the rearview mirror and in behind the sun visor on the driver's side." Under the right front seat, Jones found a radar warning device that was visible "by shining a flashlight through the windshield on the passenger's side." Jones removed the device and carried it to the police vehicle where it "was plugged into the cigarette lighter and found to be in working order."

At the conclusion of the bench trial in December of 1980, the court below decided that the officer's stop of defendant's vehicle was lawful, that the subsequent search was legal, and that the radar detector "was operable and, indeed, had been in use."

On appeal, the focus of defendant's sufficiency-of-the-evidence argument is on that portion of subsection B, *supra,* providing that no person shall be guilty of violating the statute when the device "had no power source" at the time of the offense. Contending the burden is upon the Commonwealth to prove the radar detector had a power source, defendant notes Jones never testified he observed a cigarette lighter or any other power source in defendant's car. He also points out Jones did not test the detector in defendant's car but plugged it into the cigarette lighter in the police vehicle. Thus, defendant contends, "Jones' failure to ascertain that Leeth's radar detector operated on a power source *in Leeth's car* precludes the Commonwealth from proving an essential element of the crime." Defendant argues that mere proof that a vehi-

cle has an operable electrical system is insufficient; he says there must be proof that the system imparts power to a radar detector through a specific source, that is, through "some kind of outlet, such as a cigarette lighter." Defendant has misinterpreted the statute.

As the Attorney General acknowledges, the 1978 amendment enlarged the Commonwealth's burden of proof pertaining to an "equipped with" violation of the statute. In such a case, the prosecutor must now establish as an element of the offense that there was a power source in the vehicle. But there is no language in the statute which requires the State to *identify* and *prove* the existence of a *specific* power source for the radar detection device.

In the present case, the circumstantial evidence establishes beyond a reasonable doubt that Leeth was utilizing a radar detector in his vehicle at the time in question. Trooper Jones, in darkness, observed defendant exceeding the speed limit and activated the police radar. Instantly, Leeth applied his brakes, almost to the point of skidding. Then the officer observed a cord hanging from the interior rearview mirror of Leeth's vehicle and the defendant "fumbling" over the sun visor on the driver's side of the car. Reasonably to be inferred from these facts is that, when the police radar was activated, defendant's device immediately detected emission of the police radio microwaves, defendant at once sought abruptly to reduce his speed, and defendant quickly undertook to disconnect and conceal the unlawful device.

Furthermore, after being stopped, Leeth denied having in his vehicle the device, which was ultimately found on the floor under the front passenger's seat. Also found inside defendant's vehicle was a power cord running from the dashboard up and over the rearview mirror and in behind the sun visor on the driver's side of the vehicle.

The foregoing facts fully support the trial court's conclusion that the detector had been "in use" in defendant's vehicle. Upon proof of such utilization, it necessarily follows there was a power source in that vehicle, otherwise the device could not have been "in use." Consequently, the proof was sufficient to show defendant was operating a vehicle "equipped with" a radar detector in violation of § 46.1-198.1.

We now turn to defendant's two constitutional arguments. First, defendant asserts the stopping of his vehicle violated his rights

under the Fourth and Fourteenth Amendments of the Federal Constitution. Noting the trial court ruled that Jones' stop of the Leeth vehicle was an investigative stop, not an arrest, defendant argues "Jones had neither reliable initial facts or a pattern of articulable facts upon which to base his stop."

For Fourth Amendment purposes, when police stop an automobile and detain its occupant, this constitutes a "seizure" of the person, even though the purpose of the stop is limited and the detention brief. *Delaware* v. *Prouse,* 440 U.S. 648, 653 (1979). As relevant to these facts, a suspect may be detained briefly for questioning by an officer who has "a reasonable suspicion, based on objective facts, that the individual is involved in criminal activity." *Brown* v. *Texas,* 443 U.S. 47, 51 (1979). *See Simmons* v. *Commonwealth,* 217 Va. 552, 554-55, 231 S.E.2d 218, 220-21 (1977). The test is less stringent than probable cause. *See Terry* v. *Ohio,* 392 U.S. 1 (1968).

In order to determine what cause is sufficient to authorize police to stop a person, cognizance must be taken of the "totality of the circumstances—the whole picture." *United States* v. *Cortez,* 449 U.S. 411, 417 (1981). Assessing that whole picture, "the detaining officers must have a particularized and objective basis for suspecting the particular person stopped of criminal activity." 449 U.S. at 417-18.

In the present case, the question thus becomes whether, based upon the whole picture, Jones, as an experienced State Trooper, could "reasonably surmise" that Leeth was engaged in criminal activity. 449 U.S. at 421-22. On this record, and for the reasons earlier stated during our analysis of the evidence, we hold that Jones could so conclude, and that the trial court properly ruled the stop was lawful.

We dispose of defendant's second constitutional argument in summary fashion. He contends that the radar detector, introduced in evidence, was discovered during a warrantless, illegal search in violation of defendant's rights under the Fourth and Fourteenth Amendments. Defendant argues Jones lacked probable cause to search. We disagree.

Just three months ago, in *Taylor* v. *Commonwealth,* 222 Va. 816, 284 S.E.2d 833 (1981), we articulated again the automobile exception to the Fourth Amendment warrant requirement. In the process, we examined the legal standard of probable cause, noting that it exists "when the facts and circumstances within the of-

ficer's knowledge, and of which he has reasonably trustworthy information, alone are sufficient to warrant a person of reasonable caution to believe that an offense has been or is being committed." 222 Va. at 820, 284 S.E.2d at 836. It is sufficient here to say that, for the reasons stated in our previous analysis of this evidence, the trial court correctly decided Jones had probable cause to search that portion of defendant's vehicle under the right front seat where the device was discovered.

For the foregoing reasons, the judgment of conviction is

*Affirmed.*