## CIRCUIT COURT OF FAIRFAX COUNTY

Commonwealth of Virginia

v.

Ernest Louis Levister

### Case No. (Criminal) 79501

By Judge Thomas A. Fortkort

#### April 26, 1993

This case is before the Court on motion of Defendant Ernest Louis Levister to suppress. Defendant is indicted for the felonies of possession of a controlled drug with intent to distribute and of distribution of a controlled drug. After hearing oral argument, the Court took this matter under advisement. For the reasons set forth below, the motion to suppress is denied.

The facts underlying this case are set forth in the memoranda filed by the parties. The case arises from an undercover operation by the Fairfax County Police force, specifically the Narcotics Enforcement Team. On January 27, 1993, undercover police officer Troy Allen arranged for co-defendant Stanley Royals to purchase cocaine on his, Allen's, behalf from a supplier. The police had information that this supplier was a black male who drove a black car, believed at the time to be a Volvo.

Officer Allen and Royals arranged to meet in the parking lot of the Gum Springs Apartment Complex, located on Route 1 in Fairfax County. At the same time set for the meeting, Defendant Levister, a black male, arrived in the parking lot in a black BMW. Officer Allen gave Royals $150.00 in marked funds to complete the purchase.

The police observed Royals go to and then exit from Defendant's black BMW before returning to Officer Allen with cocaine. Officer

Allen had maintained continuous contact with the police by means of a concealed microphone. Officer Paul Mitchell sent a message to Officer Paul Thompson describing the vehicle and directing him to stop it. Officer Thompson stopped the vehicle.

At the hearing on this suppression motion, the Court found as fact that the evidence did not establish that Officer Thompson knew Royals had produced cocaine at the time of the stop. The suppression motion turns on the issue of whether the stop of defendant's vehicle was lawful. The test for a lawful stop is less stringent than probable cause. *Leeth v. Commonwealth*, 223 Va. 335, 288 S.E.2d 475 (1982). To make a lawful stop, the police officer must have reasonable suspicion, based on objective facts, that the person stopped is involved in criminal activity. *E.g.*, *Zimmerman v. Commonwealth*, 234 Va. 609, 363 S.E.2d 708 (1988); *Moss v. Commonwealth*, 7 Va. App. 305, 373 S.E.2d 170 (1988). The law also recognizes that trained police personnel may be able to identify and explain to the Court behavior satisfying that standard which would not appear suspicious to the casual observer. *Taylor v. Commonwealth*, 6 Va. App. 384, 369 S.E.2d 423 (1988).

In this case, the Court finds that the prosecution has met the necessary burden for a lawful stop. The stop was not indiscriminate. As the prosecution points out, the police "could reasonably have suspected a wide range of criminal activity, including aiding and abetting in the distribution of cocaine, or conspiracy to distribute cocaine, or possession of cocaine, or distribution of cocaine as an accessory after the fact." Memorandum of Law in Opposition to Motion to Suppress at 3. The officers' suspicion was based on Royals' statements as well as observed activity which seemed to confirm those statements. The Fourth Amendment "does not require a policeman who lacks the precise level of information necessary for probable cause to arrest to simply shrug his shoulders and allow a crime to occur or a criminal to escape." *Williams v. Commonwealth*, 4 Va. App. 53, 354 S.E.2d 79 (1987). In this instance, the officers' suspicions were reasonable and the stop was lawful.

### April 27, 1993

The purpose of this letter is to update the Court's opinion letter of April 26th in regard to the above case, the Court recently having received a response memorandum on behalf of the defendant. The Court's opinion of April 26th remains an accurate reflecting of its

ruling. The Court does not find anything in defendant's memoranda to cause it to reconsider its ruling.

Defendant argues that this arrest was "without probable cause." Response Memorandum at 4. However, the Court expressly noted in the prior opinion letter that the issue in the suppression motion was the legality of the stop, which is subject to a less demanding standard than probable cause. *Leeth v. Commonwealth*, 223 Va. 335, 288 S.E.2d 475 (1982). Nor were the factual discrepancies cited by defendant central to the Court's determination. Even the facts as stated by the defendant suffice to support a lawful stop. Defendant admits that Mr. Royals, middleman in an arranged drug purchase, was seen entering and exiting a black BMW at the time and in the area set for the purchase.

The defendant's motion to suppress is denied for the reasons set out in the Court's prior opinion letter.