COLE, Senior Judge,
concurring.
I concur in the judgment reversing the trial court’s refusal to suppress the evidence. However, my opinion is based upon the inadequate record in this case.
The operation of a motor vehicle equipped with a radar detector to detect radar used by law enforcement personnel is unlawful on the highways of the Commonwealth and constitutes a traffic infraction. Code § 46.2-1079. Traffic infractions are not felonies or misdemeanors but are violations of *370 public order and are not deemed criminal in nature. Code § 18.2-8. However, Code § 46.2-937 provides that “[flor purposes of arrest, traffic infractions shall be treated as misdemeanors” and “the authority and duties of arresting officers shall be the same for traffic infractions as for misdemeanors.” If the offense of possession of a radar detector was a misdemeanor, the officer could have searched the defendant incident to the arrest. See Leeth v. Commonwealth, 223 Va. 335, 340-41, 288 S.E.2d 475, 478 (1982) (holding that because the officer possessed probable cause, he could search the car for a radar detector). None of these issues was raised in the trial court or on appeal. The only issue raised was the reasonableness of the Terry stop. The only reason given for the patdown was the officer’s personal policy of frisking everyone who entered his police car. Based upon this record, I join the majority opinion.