COURT OF APPEALS OF VIRGINIA

Present:  Judges Willis, Bumgardner and Senior Judge Overton
Argued at Richmond, Virginia


JOHNNY T. GILES, JR.
                                          OPINION BY
v.    Record No. 2903-98-2        JUDGE JERE M. H. WILLIS, JR.
                                          MAY 30, 2000
COMMONWEALTH OF VIRGINIA


        FROM THE CIRCUIT COURT OF THE CITY OF COLONIAL HEIGHTS
               Ernest P. Gates, Sr., Judge Designate

            Denis C. Englisby (Margaret Ann Englisby;
            Englisby & Englisby, on brief), for
            appellant.

            Shelly R. James, Assistant Attorney General
            (Mark L. Earley, Attorney General, on brief),
            for appellee.


     On appeal from his conviction of driving while under the

influence of alcohol, in violation of Code § 18.2-266, Johnny T.

Giles, Jr., contends that the trial court erred in denying his

motion to suppress evidence obtained pursuant to the stop of his

vehicle[1].  Because we find that, based upon articulable facts,

the arresting officer had reasonable suspicion of Giles'

---

     [1] Giles was also convicted of refusal to take a breath or
blood test, in violation of Code § 18.2-268.2.  However, as this
Court does not have jurisdiction over an appeal from a
conviction of refusal to take a breath or blood test, see
Commonwealth v. Rafferty, 241 Va. 319, 402 S.E.2d 17 (1991), the
appeal of that conviction is transferred to the Supreme Court of
Virginia pursuant to Code § 8.01-677.1.

involvement in unlawful activity, the stop of Giles' vehicle was lawful. Accordingly, we affirm the judgment of the trial court.

On appeal of a ruling on a motion to suppress evidence, the appellant has the burden to demonstrate that, in the context of viewing the evidence in the light most favorable to the Commonwealth, the trial court's ruling was reversible error. See Fore v. Commonwealth, 220 Va. 1007, 1010, 265 S.E.2d 729, 731 (1980). We review determinations of reasonable suspicion and probable cause de novo. However, we review the trial court's findings of historical fact only for clear error and grant deference to inferences reasonably drawn from those facts by resident judges and local law enforcement officials. See James v. Commonwealth, 22 Va. App. 740, 743, 473 S.E.2d 90, 91 (1996) (citing Ornelas v. United States, 517 U.S. 690, 699 (1996)).

On September 20, 1998, Colonial Heights Police Officer Allen Devoti was approached by two women, who told him that they had just heard a man say that he had a gun and was "looking to hurt someone" and that they then saw him get into his car. The women identified the car, which was then exiting a restaurant parking lot across the street. Giles was the driver and only occupant. Calling for assistance, Officer Devoti followed and stopped Giles' vehicle.

Officer Devoti had Giles exit the vehicle. No weapon was found on Giles, but Officer Devoti observed that Giles was

-

intoxicated.  Officer Devoti charged Giles with operating a motor vehicle while under the influence of alcohol, in violation of Code § 18.2-266, and, based on further proceedings, charged him with refusal to submit to a breath or blood test, in violation of Code § 18.2-268.2.  Giles was convicted of both charges.

Giles contends that Officer Devoti lacked reasonable suspicion of criminal activity justifying the stop and that the trial court erred in refusing to suppress evidence derived from the stop.  He argues that the information given to Officer Devoti by the two unidentified women was a mere anonymous tip and was insufficient to create a "reasonable, articulable suspicion" of his involvement in criminal activity.  See Terry v. Ohio, 392 U.S. 1, 20-22 (1968).

> For [constitutional] purposes, when police stop an automobile and detain its occupant, this constitutes a "seizure" of the person, even though the purpose of the stop is limited and the detention brief.  As relevant to these facts, a suspect may be detained briefly for questioning by an officer who has "a reasonable suspicion, based on objective facts, that the individual is involved in criminal activity."  The test is less stringent than probable cause.
> In order to determine what cause is sufficient to authorize police to stop a person, cognizance must be taken of the "totality of the circumstances -- the whole picture."  Assessing that whole picture, "the detaining officers must have a particularized and objective basis for suspecting the particular person stopped of criminal activity."

-

Jacques v. Commonwealth, 12 Va. App. 591, 593, 405 S.E.2d 630, 631 (1991) (citing Leeth v. Commonwealth, 223 Va. 335, 340, 288 S.E.2d 475, 478 (1982)).

An anonymous tip, standing on its own, is insufficient to support a "reasonable, articulable suspicion." See Florida v. J. L., ___ U.S. ___, ___ (2000). To provide reasonable suspicion, either the informant or the information given must exhibit "sufficient indicia of reliability." Alabama v. White, 496 U.S. 325, 326-27 (1990). The circumstances surrounding the tip must be considered to determine whether the tip was reliable. See id. at 328-29.

"[An anonymous tip] that has been sufficiently corroborated may furnish reasonable suspicion justifying an investigative stop. . . . Significant aspects of the informer's information must be independently corroborated, however, to give 'some degree of reliability to the other allegation' of the informant." Bulatko v. Commonwealth, 16 Va. App. 135, 137, 428 S.E.2d 306, 307 (1993). Giles argues that the two women were anonymous informants and that in order to act on their report, Officer Devoti was required to corroborate their information independently.

Although Officer Devoti did not obtain the women's names or addresses, their reports were not an anonymous tip. He stood face to face with them and listened to their accounts. He was

-

able to assess their credibility and the reliability of their information.  While this can be difficult to do with informants who offer information over the telephone, Officer Devoti was able to view the women as they made their reports and to identify Giles as he was leaving the parking lot.

Furthermore, the reports given by the two women were, in fact, corroborated by the circumstances.

The reports of the two women corroborated each other.  Each based her report on what she personally had seen and heard.

Officer Devoti was able to observe the two women and their demeanor.  He testified that they were in their twenties or thirties, showed no sign of being under the influence of alcohol or of any drug, were visibly frightened, and presented their reports cogently.

The two women explained the source of their information. Although neither had seen a gun, each had heard Giles say that he had a gun and intended to harm someone.

Both women specifically identified Giles and his automobile.

Moreover, the nature of the women's reports suggested the imminence of serious and perhaps lethal danger.  Giles was leaving the scene, and Officer Devoti was required to act quickly and without hesitation.  See Adams v. Williams, 407 U.S. 143, 147 (1972); Beckner v. Commonwealth, 15 Va. App. 533, 537-39, 425 S.E.2d 530, 533-34 (1993).  When Officer Devoti

-

turned on his lights to stop the car, Giles did not stop immediately. This circumstance, while not conclusive in itself, served to corroborate Officer Devoti's reasonably held suspicion.

The judgment of the trial court is affirmed.

Affirmed.