COURT OF APPEALS OF VIRGINIA


Present:   Judges Frank, Petty and Senior Judge Willis
Argued at Chesapeake, Virginia


PHILIP NELSON CROZIER, S/K/A
  PHILLIP NELSON CROZIER

                                                    MEMORANDUM OPINION* BY
v.      Record No. 2573-05-1                         JUDGE JERE M. H. WILLIS, JR.
                                                          MARCH 13, 2007
COMMONWEALTH OF VIRGINIA AND
  CITY OF VIRGINIA BEACH


FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
A. Joseph Canada, Jr., Judge

        William H. O'Brien (Brydges, Geroe, Rosenblatt & O'Brien,
        P.L.L.C., on briefs), for appellant.

        Susan M. Harris, Assistant Attorney General (Robert F. McDonnell,
        Attorney General, on brief), for appellees.


        Philip Nelson Crozier entered conditional guilty pleas to charges of possessing cocaine,

obstructing a law enforcement officer, and trespassing.[1]  On appeal, he contends the trial court erred

in denying his motion to suppress the evidence obtained by the police upon stopping his vehicle in

violation of his Fourth Amendment rights.  We affirm the judgment of the trial court.

---

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

        [1] In a guilty plea questionnaire, appellant stated that his pleas were entered conditionally
and without waiving his right to appeal the trial court's decision regarding the suppression of
evidence.  The parties did not question in the trial court or before us whether Crozier could
properly enter conditional guilty pleas to the misdemeanor charges or whether the consent of the
Commonwealth to such pleas was given.  See Code § 19.2-254.  Therefore, we do not address
those questions, but limit our consideration to the issue raised on appeal.

FACTS

Upon appeal of a trial court's denial of a motion to suppress, "'[t]he burden is upon [the defendant] to show that th[e] ruling, when the evidence is considered most favorably to the Commonwealth, constituted reversible error.'" McGee v. Commonwealth, 25 Va. App. 193, 197, 487 S.E.2d 259, 261 (1997) (*en banc*) (quoting Fore v. Commonwealth, 220 Va. 1007, 1010, 265 S.E.2d 729, 731 (1980)). "Since the constitutionality of a . . . seizure under the Fourth Amendment involves questions of law and fact, we give deference to the factual findings of the trial court but independently decide whether, under the applicable law, the manner in which the challenged evidence was obtained satisfies constitutional requirements." Jackson v. Commonwealth, 267 Va. 666, 672, 594 S.E.2d 595, 598 (2004).

At about 11:00 p.m. on January 29, 2004, Officer J.F. Allen was on patrol in the vicinity of the Atlantis Apartments in Virginia Beach, an area known for a high incidence of drug distribution and possession. Allen parked his police cruiser at the intersection of Birdneck Road and Hope Avenue, near the only entrance to the Atlantis Apartments complex. At the entrance to the complex is a large sign forbidding trespassing. Within the complex, Hope Avenue connects to other public streets, with a dead-end at the rear of the complex.

Allen observed a Jeep Wrangler coming out of the complex, turning from Beachtown Road onto Hope Avenue. The Jeep proceeded on Hope Avenue to its intersection with Birdneck Road, passing the "no trespassing" sign at the end of Hope Avenue. It turned right onto Birdneck Road.

Using the computer in his vehicle, Allen determined that the Jeep was registered to Crozier. Allen had arrested Crozier on December 12, 2003, for trespassing at Atlantis Apartments and for possessing marijuana.[2]

---

[2] Crozier was convicted of the trespassing offense on March 24, 2004.

Allen followed the Jeep on Birdneck Road. It stopped at a nearby gas station and Crozier, the driver, got out. Allen recognized Crozier as the person he had arrested previously for trespassing at Atlantis Apartments, and he knew Crozier had been barred from Atlantis Apartments.

When the Jeep drove away, Allen stopped it. Initially, Crozier claimed a passenger in the Jeep lived in Atlantis Apartments. However, the passenger denied this and said he lived in a different apartment complex. Allen then arrested Crozier for trespassing. Crozier resisted the arrest and threw under the police vehicle an item that contained crack cocaine.

## ANALYSIS

Crozier moved to suppress the cocaine as evidence on the ground that the police had no lawful basis to stop his vehicle. He argued that his statement to the officer, his resistance, and his discard of the cocaine all derived from and were tainted by the unlawful stop.

"If a police officer has reasonable, articulable suspicion that a person is engaging in, or is about to engage in, criminal activity, the officer may detain the suspect to conduct a brief investigation without violating the person's Fourth Amendment protection against unreasonable searches and seizures." McGee, 25 Va. App. at 202, 487 S.E.2d at 263. Reasonable suspicion is "'a particularized and objective basis' for suspecting the person stopped of criminal activity," Ornelas v. United States, 517 U.S. 690, 696 (1996) (quoting United States v. Cortez, 449 U.S. 411, 417-18 (1981)). "'There is no "litmus test" for reasonable suspicion. Each instance of police conduct must be judged for reasonableness in light of the particular circumstances.'" Harmon v. Commonwealth, 15 Va. App. 440, 445, 425 S.E.2d 77, 79 (1992) (quoting Castaneda v. Commonwealth, 7 Va. App. 574, 580, 376 S.E.2d 82, 85 (1989)). "In order to determine what cause is sufficient to authorize police to stop a person, cognizance must be taken of the 'totality of the circumstances – the whole picture.'" Leeth v. Commonwealth, 223 Va. 335, 340, 288 S.E.2d 475, 478 (1982) (quoting Cortez, 449 U.S. at 417).

In Ewell v. Commonwealth, 254 Va. 214, 217, 419 S.E.2d 721, 723 (1997), the Virginia Supreme Court held that an off-duty police officer working as a security guard in an apartment complex was not justified in stopping a vehicle leaving the complex's parking lot and in detaining the operator of the vehicle.[3] The officer testified that "he was familiar with most of the complex's residents and their automobiles" and "was concerned because it was very early [in the morning] and the car was parked in an area suspected of 'high narcotics' trafficking." Id. at 216, 491 S.E.2d at 722. He recognized neither Ewell nor her vehicle. The Court held that the officer's perceptions and suspicions were no more than a hunch, falling short of the reasonable, articulable suspicion required for a stop. See id. at 217, 491 S.E.2d at 723.

In this case, Allen did not see Crozier on the property of Atlantis Apartments. However, he saw the Jeep coming out a street that led only into the Atlantis Apartments property. Unlike the officer in Ewell, Allen knew Crozier and knew Crozier had no proper business in the complex. Indeed, he knew Crozier had been barred from the complex and, but a short time before, had been on the complex grounds under circumstances leading to his arrest on a charge of trespass.

Unlike the case in Ewell, in which the police officer did not know Ewell and had no basis to suspect what she was doing, Officer Allen knew Crozier and, based on his observations, had a reasonable basis to suspect that he was again trespassing on the Atlantis Apartments grounds. This reasonable suspicion justified his stopping Crozier for investigation.

Accordingly, the trial court did not err in denying Crozier's motion to suppress. The judgment of the trial court is affirmed.

Affirmed.

---

[3] Coincidentally, the apartment complex in Ewell was Atlantis Apartments.