COURT OF APPEALS OF VIRGINIA

Present:  Judges Humphreys, Clements and McClanahan
Argued at Richmond, Virginia


RICHARD CALVERT CROSON

v.       Record No. 0935-06-2

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION* BY
JUDGE ELIZABETH A. McCLANAHAN
JULY 24, 2007


FROM THE CIRCUIT COURT OF SPOTSYLVANIA COUNTY
George Mason, III, Judge[1]

Joseph A. Sadighian, Senior Assistant Appellate Defender (Office
of the Appellate Defender, on briefs), for appellant.

Jonathan M. Larcomb, Assistant Attorney General (Robert F.
McDonnell, Attorney General, on brief), for appellee.


Richard Calvert Croson (Croson) was convicted in a bench trial of felony possession of

cocaine in violation of Code § 18.2-250.  On appeal, he argues he was seized in violation of the

Fourth Amendment and contends the trial court erred in denying his motion to suppress.  We

affirm the trial court.

I.  BACKGROUND

On appeal, we review the evidence in the "light most favorable" to the Commonwealth.

Commonwealth v. Hudson, 265 Va. 505, 514, 578 S.E.2d 781, 786 (2003) (citations omitted).

That principle requires us to "discard the evidence of the accused in conflict with that of the

Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] With the exception of the entry of the sentencing order entered on March 20, 2006, from
which this appeal was officially taken, the Honorable Ernest P. Gates, Judge Designate, presided
over the proceedings addressed in this opinion.

all fair inferences that may be drawn therefrom." Kelly v. Commonwealth, 41 Va. App. 250, 254, 584 S.E.2d 444, 446 (2003) (*en banc*) (internal quotation marks and citations omitted).

So viewed, while on patrol at 5:45 a.m., Deputy Dunavant was exiting a commuter lot when he observed a man and woman running down a public road. According to Dunavant, the woman was "apparently running after" and "screaming after" Croson. Dunavant then entered onto the public road and made a u-turn at a traffic light. Croson "stopped running" and "went into a walk." When Dunavant "pulled around, [he] noticed that [Croson] was unsteady on his feet." Dunavant stopped his vehicle directly in front of Croson with his lights and siren activated. In the meantime, the woman "veered off and cut through a back yard." Dunavant exited his vehicle, approached Croson, and asked Croson "exactly what was going on." Observing Croson smelled of alcohol, his face was flushed, and he was unsteady on his feet, Dunavant arrested Croson for public intoxication. Upon searching Croson, Dunavant discovered a glass tube containing burnt cocaine residue. After a bench trial, Croson was found guilty of cocaine possession.

At trial, Croson moved to exclude the evidence found during the search arguing the initial stop was unlawful. The trial court ruled the encounter was consensual and denied the motion to suppress.

## II. ANALYSIS

On appeal, Croson contends the trial court erred in denying his motion to suppress because the stop constituted an unlawful seizure in violation of the Fourth Amendment.[2]

When we review a trial court's denial of a motion to suppress, "the burden is upon the defendant to show that the ruling, when the evidence is considered most favorably to the

---

[2] Because we conclude Dunavant possessed a reasonable, articulable suspicion of criminal activity to justify a seizure, we need not consider Croson's argument the encounter was not consensual.

Commonwealth, constituted reversible error." McGee v. Commonwealth, 25 Va. App. 193, 197, 487 S.E.2d 259, 261 (1997) (*en banc*) (internal quotation marks and citation omitted). Where a Fourth Amendment challenge is at issue, "'[u]ltimate questions of reasonable suspicion and probable cause to make a warrantless search' involve questions of both law and fact." Id. at 197-98, 487 S.E.2d at 261 (quoting Ornelas v. United States, 517 U.S. 690, 691 (1996)). Thus, "we give deference to the factual findings of the trial court but independently decide whether, under the applicable law, the manner in which the challenged evidence was obtained satisfies constitutional requirements." Jackson v. Commonwealth, 267 Va. 666, 672-73, 594 S.E.2d 595, 598 (2004).

A mere investigatory stop requires only a reasonable suspicion that criminal activity may be afoot. United States v. Arvizu, 534 U.S. 266, 273 (2002). "[A] person may be detained briefly for questioning by an officer who has "'a reasonable suspicion, based on objective facts, that the individual is involved in criminal activity."'" Zimmerman v. Commonwealth, 234 Va. 609, 611, 363 S.E.2d 708, 709 (1988) (quoting Leeth v. Commonwealth, 223 Va. 335, 340, 288 S.E.2d 475, 478 (1982) (quoting Brown v. Texas, 443 U.S. 47, 51 (1979))). "[W]hen a court reviews whether an officer had reasonable suspicion to make an investigatory stop, it must view the totality of the circumstances and view those facts objectively through the eyes of a reasonable police officer with the knowledge, training, and experience of the investigating officer." Murphy v. Commonwealth, 9 Va. App. 139, 144, 384 S.E.2d 125, 128 (1989).

Dunavant observed a woman running after and yelling at Croson on a public road at 5:45 a.m. When Dunavant pulled his vehicle around to investigate, he observed Croson unsteady on his feet. Viewing the evidence in the light most favorable to the Commonwealth and the totality of the circumstances, Dunavant had an articulable, reasonable basis to suspect Croson

was intoxicated in public.  Therefore, the stop was lawful and the trial court correctly denied the motion to suppress.

Accordingly, we affirm his conviction.

<u>Affirmed.</u>